Citation Nr: 1725233 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 10-44 923 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Michael T. Osborne, Counsel


INTRODUCTION

The Veteran had active service from January 1967 to January 1969, including in combat in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, which denied, in pertinent part, the Veteran's claim of service connection for bilateral hearing loss. The Veteran disagreed with this decision in June 2010. He perfected a timely appeal in November 2010. A Travel Board hearing was held at the RO in August 2012 before the undersigned Veterans Law Judge and a copy of the hearing transcript has been added to the record.

In October 2014 and in August 2016, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for additional development.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

The issue of entitlement to service connection for a skin disability has been raised by the record in an April 2017 VA Form 21-526EZ but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over this claim and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016).


FINDINGS OF FACT

1. The Veteran's service personnel records show that his military occupational specialty (MOS) was light weapons infantryman and he was awarded the Combat Infantry Badge (CIB) for active combat service in the Republic of Vietnam; thus, his in-service exposure to significant acoustic trauma is presumed.

2. The Veteran has reported consistently that he incurred bilateral hearing loss during active combat service in the Republic of Vietnam and experienced continuous bilateral hearing loss since his service separation.

3. The record evidence shows that the Veteran currently experiences bilateral hearing loss and wears bilateral hearing aids.

4. Resolving any reasonable doubt in the Veteran's favor, his current bilateral hearing loss was incurred in active combat service in the Republic of Vietnam.


CONCLUSION OF LAW

Bilateral hearing loss was incurred in active service. 38 U.S.C.A. §§ 1110, 1131, 1154, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016).

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, and especially in light of the decision granting service connection for bilateral hearing loss, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert denied, U.S. Oct. 3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

Factual Background and Analysis

The Board finds that the evidence supports granting the Veteran's claim of service connection for bilateral hearing loss. The Veteran contends that he incurred his current bilateral hearing loss during active combat service in the Republic of Vietnam. The Board agrees, finding that the evidence reasonably supports the Veteran's assertions regarding in-service incurrence of bilateral hearing loss and a continuity of symptomatology since his service separation. For example, the Veteran's DD Form 214 shows that his MOS was light weapons infantryman and he was awarded the CIB for active combat service in the Republic of Vietnam; thus, the Board finds it reasonable to infer that he likely was exposed to significant in-service acoustic trauma. See 38 U.S.C.A. § 1154(b) (2016); see also Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder.") The Board acknowledges that the Veteran's available service treatment records show no complaints of or treatment for bilateral hearing loss during active service, including while he was in-country in the Republic of Vietnam. The Board observes that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (finding lack of contemporaneous medical records does not serve as an "absolute bar" to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) ("Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms").

The post-service evidence also reasonably supports finding that the Veteran's current bilateral hearing loss is related to his in-service exposure to significant acoustic trauma while serving as a light weapons infantryman in combat in the Republic of Vietnam. The Board notes initially that the post-service evidence confirms that the Veteran currently experiences bilateral hearing loss for VA adjudication purposes and wears bilateral hearing aids. See 38 C.F.R. § 3.385 (2016). The Board also notes initially that, because it previously found the March 2010 VA examination to be inadequate for VA adjudication purposes in its October 2014 remand, this examination was not relied upon in adjudicating the Veteran's claim. (The Board notes parenthetically that it referred to the March 2010 VA examination as a May 2010 examination in the October 2014 remand and apologizes for this typographical error.) 

The Veteran testified at his August 2012 Board hearing that he was exposed to significant in-service acoustic trauma while serving as a light weapons infantryman in the Republic of Vietnam. He also testified that he was not provided with any hearing protection during active service. He testified further that, although he had experienced hearing loss since his service separation, he was not diagnosed as having this disability until many years after service separation when he had a hearing test conducted by his post-service employer.

Following VA hearing loss and tinnitus Disability Benefits Questionnaire (DBQ) in February 2015, the VA examiner opined that it was less likely than not that the Veteran's current bilateral hearing loss was related to active service. The rationale for this opinion was that the Veteran's bilateral hearing had been normal at his separation physical examination in December 1968 and he initially reported experiencing bilateral hearing loss several years after his service separation. Similarly, following VA audiology examination in October 2016, a different VA clinician opined that it was less likely than not that the Veteran's bilateral hearing loss was related to active service. This clinician also provided a rationale which relied, in part, on the existence of normal bilateral hearing at the Veteran's separation physical examination in December 1968.

The Board finds that neither of the VA medical opinions of record dated in February 2015 and in October 2016 is sufficient for VA adjudication purposes. The Board notes initially that, in relying on the presence of normal hearing at the Veteran's separation physical examination in December 1968, the rationales for both of these opinions violate the Court's holdings in Buchanan and Barr. See Buchanan, 451 F.3d at 1337, and Barr, 21 Vet. App. at 303. Both of these opinions also did not address the Veteran's competent lay testimony at his August 2012 Board hearing that he was exposed to significant in-service acoustic trauma and experienced bilateral hearing loss continuously since his service separation. Finally, despite the Board's repeated requests to do so in its October 2014 and August 2016 remands, neither of the VA medical opinions dated in February 2015 and in October 2016 discussed what other potential etiology (other than in-service exposure to significant acoustic trauma) explained the persistence of the Veteran's bilateral hearing loss since his service separation. Thus, the Board finds that the February 2015 and October 2016 VA examinations are not probative on the issue of whether the Veteran's current bilateral hearing loss is related to active service.

In summary, the Veteran presumably was exposed to significant in-service acoustic trauma while on active combat service in the Republic of Vietnam. He asserted consistently in lay statements and Board hearing testimony that he experienced continuous bilateral hearing loss since his service separation. He currently experiences bilateral hearing loss. Having reviewed the record evidence, and after resolving any reasonable doubt in the Veteran's favor, the Board finds that service connection for bilateral hearing loss is warranted. See also 38 C.F.R. § 3.102 (2016).


ORDER

Entitlement to service connection for bilateral hearing loss is granted.



____________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs