Citation Nr: 1744029 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 15-01 843 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Whether the Veteran's countable income is excessive for the payment of nonservice-connected pension benefits.


ATTORNEY FOR THE BOARD

A.J. Turnipseed, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from January 1973 to December 1976. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 decision of the Department of Veterans Affairs (VA) Pension Management Center (PMC) in Milwaukee, Wisconsin - the Agency of Original Jurisdiction (AOJ) in this case. 


FINDINGS OF FACT

1. From January to December 2009, the Veteran's countable annual income was less than the maximum annual pension rate for entitlement to non-service connection pension benefits. 

2. For 2008 and from 2010 to the present, the Veteran's countable annual income exceeded the maximum annual pension rates for entitlement to non-service connection pension benefits.


CONCLUSIONS OF LAW

1. From January to December 2009, the Veteran met the basic income criteria to establish entitlement to non-service connected pension benefits. 

2. For 2008 and from 2010 to the present, the Veteran's annual countable income is excessive for purposes of receipt of VA nonservice-connected pension benefits. 38 U.S.C.A. §§ 1503, 1521, 1522 (West 2014); 38 C.F.R. §§ 3.3, 3.23, 3.271, 3.272, 3.273 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks entitlement to pension benefits. In the September 2008 decision on appeal, the AOJ denied the Veteran's claim on the basis that his yearly income exceeded the maximum annual pension rate (MAPR) to establish entitlement to pension benefits. 

As an initial matter, the Board notes that specific notice regarding entitlement to pension was not provided in this case; however, there is no prejudice to the Veteran in this regard, for the following reasons. First, the relevant facts are not in dispute. As will be shown below, other than during 2009, the Veteran's income exceeds the maximum allowable amount for VA pension purposes. Therefore, the claim for pension for those years will be denied as a matter of law, and no further development is necessary. Moreover, the Veteran was provided with the applicable laws and regulations in the statements of the case issued in July 2009 and July 2017, showing that he had actual knowledge of the criteria used to decide his claim. Notably, the Veteran was requested to provide information regarding his income, net worth, and medical expenses on several occasions during the appeal but he has not provided the information other than that which is discussed below. 

Additionally, the Board notes that the Veteran has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert denied, U.S.C. Oct.3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board). 

Improved nonservice-connected pension is a benefit available to a Veteran of a period of war who meets statutorily-defined service if: (1) the Veteran is permanently and totally disabled, provided his condition was not the result of willful misconduct, (2) the Veteran is a patient in a nursing home receiving skilled nursing, or (3) the Veteran is receiving Social Security disability benefits; and the Veteran meets the countable family income and net worth limitations set by Congress. 38 U.S.C.A. § 1521; 38 C.F.R. § §3.2, 3.3(a)(3). If a Veteran meets these qualifications, his improved pension is payable at a specified annual maximum rate, which is reduced on a dollar for dollar basis by countable income on a 12-month annualized basis. Id. 

For the purpose of determining initial (basic) entitlement to nonservice-connected pension benefits, the monthly rate of pension is computed by reducing the applicable MAPR by the veteran's countable income on the effective date of entitlement and dividing the remainder by 12. 38 C.F.R. § 3.273 (a).

The maximum annual pension rate is set by Congress. That rate, which may change yearly on December first, is published in Appendix B of the Veterans Benefits Administration Manual M21-1. 38 U.S.C.A. § 1521 (a), (b); 38 C.F.R. §§ 3.3 (a)(3), 3.23. The MAPR used to determine eligibility is based on certain status determinations. In this case, the Veteran had one dependent, his wife, when he filed his claim for pension benefits in September 2008. His wife died in January 2009 and, thus, he is treated as a single Veteran without dependents beginning January 2009. 

Effective December 1, 2007, the MAPR for a Veteran with one dependent was $14, 643.00. 

Effective December 1, 2008, to November 30, 2012, the MAPR for a Veteran without a dependent (hereinafter referred to as "the applicable MAPR") was $11,830.00. 

Effective December 1, 2012, the applicable MAPR was $ 12,465.00. Effective December 1, 2013, the applicable MAPR was $12,652. Effective December 1, 2014, the applicable MAPR was $12,868. Effective December 1, 2016, the MAPR was $12,907. 

Because improved pension is a need-based program, countable income includes income from most sources, including any eligible dependents. Generally, it includes earnings, disability and retirement payments, interest and dividend payments from annuities, and net income from farming or a business. Payments of any kind and from any source is counted in a Veteran's countable income, unless specifically listed in 38 U.S.C.A. § 3.271. The listed exclusions include: welfare, maintenance, VA pension benefits, reimbursement for casualty loss, profit from the sale of property, joint accounts acquired by reason of death of the other joint owner, and medical expenses in excess of five percent of the MAPR, which have been paid.

On his September 2008 application for pension, the Veteran reported that his annual income was $17,000, while his wife received $1,175 a month from the Social Security Administration (SSA). After verifying the Veteran's spouse's SSA income, the AOJ used the foregoing information to deny the Veteran's pension claim on the basis that his total family income of $30, 680 (their combined income of $31,104 less the spouse's Medicare expenses of $1,156 plus the five percent medical deductible of $732) exceeded $14, 643, the MAPR for 2008 a Veteran with one dependent. See September 24, 2008 Notice letter. 

The Veteran has provided additional information with respect to his income in 2008, including receiving $3683 from Metro Security and $1993 from Better Alternative; however, it is not clear if this income is in addition to the $17,000 reported in the September 2008 application or is intended to be clarification of his income for 2008. Nevertheless, even if the Board assumed that the income reported from Metro Security and Better Alternative was the Veteran's only income for 2008, his family income for 2008 still exceeds the MAPR for a Veteran with one dependent, given his wife's SSA annual income of $14,104 for that year. 

In February 2009, the Veteran subsequently appealed the PMC's determination, arguing that his wife passed in January 2009 and that his work hours were cut to 20 hours a week. In support of his claim, he submitted an updated Income and Net Worth statement, dated February 2009, in which he reported that his annual earnings were $12,000 and that he had $10 in his bank account. Despite the foregoing, the Veteran has submitted a payroll accounting for his employment at T.D. Security from January to July 2009 (when he was terminated), which shows that he received $11, 697 of income for that time period. Notably, the Veteran is not shown to have received any additional income in 2009; thus, even with his $10 in his bank account, the Veteran's income for 2009 was $11, 707, which is below (albeit slightly) $11,830.00 - the allowable MAPR for 2009. 

The Veteran has reported that he last worked in July 2009 and the record does not contain any evidence regarding any employment income received after that date. However, the evidence shows the Veteran has been receiving monthly SSA disability benefits since January 2010, as well as a small SSA (presumably death) benefit for his wife since February 2010. The Veteran has not provided any information or evidence regarding any medical expenses paid for 2010 to the present. 

In 2010 and 2011, the Veteran's monthly SSA benefit was $1102, while his wife's SSA benefit was $100 from January to March 2011 and $101 from April to December 2011, which totals $14, 424 for the year - more than $11,830.00, the allowable MAPR for 2010 and 2011. 

In 2012, his monthly SSA benefit was $1141, plus his wife's $104 monthly benefit, which totals 14,892 for the year - more than the $11,830.00, the allowable MAPR for 2012. 

In 2013, his SSA monthly benefit was $1161, plus his wife's $106 monthly benefit, which totals 15,204 for the year - more than $ 12,465.00, the allowable MAPR for 2013. 

In 2014, his SSA monthly benefit was $1178, plus his wife's $107 benefit, which totals 15,420 - more than $12,652, the allowable MAPR for 2014. 

In 2015 and 2016, his SSA monthly benefit was $1198, plus his wife's $109 benefit, which totals 15,684 - more than $12,868 and $12,907, the allowable MAPR for 2015 and 2016. 

Based on the foregoing, the Board finds that, from January to December 2009, the Veteran's income was less than $11,830.00, the maximum allowable pension rate for that year. As such, he has established basic entitlement to non-service connected pension benefits for 2009. 

However, because his income exceeds the MAPR for 2008 and from 2010 to the present, the Veteran does not meet the basic income eligibility requirement to establish entitlement to payment of non-service-connected pension for those years, and his claim for those years must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


ORDER

From January to December 2009, the Veteran met the basic income eligibility requirement to establish entitlement to payment of non-service-connected pension benefits. 

As the Veteran's annualized countable income exceeds the maximum annual income limit for 2008 and from 2010 to the present, entitlement to payment of nonservice-connected pension benefits for those years is denied.




____________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs