Citation Nr: 1744019 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 13-22 059A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for coronary artery disease to include as due to herbicide exposure.

2. Entitlement to service connection for diabetes mellitus to include as due to herbicide exposure. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

J.A. Williams, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from June 1962 to June 1964. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from April 2012 and September 2012 rating decisions from the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, which denied service connection for coronary artery disease (claimed as ischemic heart disease) and diabetes mellitus respectively. 

In May 2017, the Veteran testified before the undersigned at videoconference hearing; a transcript of the hearing is associated with the claims file. The Board notes that during the hearing the issue was characterized as service connection on a new and material basis for ischemic heart disease. However, the evidence shows that after the April 2012 rating decision denying service connection, the Veteran filed a timely notice of disagreement (NOD) in November 2012. 38 C.F.R. § 19.26 (2016). As such, the Veteran is not required to reopen his appeal and the Board can adjudicate the issue on the merits. 

During the hearing, the Veteran submitted additional evidence with a waiver of the Veteran's right to have additional evidence initially considered by the RO. Accordingly, the Board may consider the new evidence in the first instance. See 
38 C.F.R. § 20.1304 (2016).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).




FINDINGS OF FACT

1. The evidence shows the Veteran participated in scientific experiments while serving at Fort Detrick. 

2. The Department of Defense (DOD) and Joint Service Records Research Center (JSRRC) have confirmed that herbicide testing was done at Fort Detrick during the Veteran's period of service. 

3. The evidence is in relative equipoise as the whether the Veteran was exposed to herbicides in service. 


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for coronary artery disease, including as due to herbicide exposure, are met. 38 U.S.C.A. §§ 1101, 1112, 1113, 1116, 1131, 5107 (West 2014); 
38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2016).

2. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for diabetes mellitus, including as due to herbicide exposure, are met.
38 U.S.C.A. §§ 1101, 1112, 1113, 1116, 5107 (West 2014); 38 C.F.R. 
§§ 3.102, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify & Assist 

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). 

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert denied, U.S.C. Oct.3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

Relevant Legal Principles 

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131. Establishing service connection requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Moreover, pursuant to 38 C.F.R. § 3.309, where a veteran served continuously for ninety (90) days or more during a period of war, or during peacetime service after December 31, 1946, and certain chronic diseases, such as diabetes mellitus, become manifest to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 

When a disease listed at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may also be granted for specific diseases associated with exposure to herbicide agents. 38 C.F.R. § 3.309(e). If a veteran was exposed to a herbicide agents during active military, naval, or air service, the following diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met, despite any lack of evidence of such disease during service provided that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied: AL amyloidosis; chloracne or other acneform disease consistent with chloracne; Type II diabetes; Hodgkin's disease; ischemic heart disease; all chronic B-cell leukemias; multiple myeloma; non-Hodgkin's lymphoma; Parkinson's disease; acute and subacute peripheral neuropathy; porphyria cutanea tarda; prostate cancer; respiratory cancers; and soft-tissue sarcoma. Coronary artery disease is a type of ischemic heart disease. 38 C.F.R. § 3.309(e). 

Analysis 

The Veteran contends that his coronary artery disease and diabetes mellitus are the result of in-service exposure to herbicides while service in Fort Detrick as part of Operation Whitecoat. See May 2017 Hearing Transcript. Specifically the Veteran reported that he volunteered to participate in scientific experimentation. Id. He further reported that he worked in a greenhouse, an animal farm, and in laboratories cleaning vials and other materials used during testing. Id. He further reported that he observed chemicals being sprayed on plants in the greenhouses causing the plants to die. Id. 

The evidence is clear that the Veteran has diagnoses of coronary artery disease and diabetes mellitus. See VA Treatment Notes; Private Treatment Notes. The issue that remains disputed is whether the Veteran was exposed to herbicides in service. 

The Veteran's service personnel records show that he served in Fort Detrick from November 1962 to June 1964 with a military occupation specialty of medical corpsman. His service treatment records also indicate that he served as a volunteer for scientific experimentation. Service treatment records specifically indicate that the Veteran was exposed to pasteurella tularensis and inhaled 1,800 organisms as part of the testing. 

Notably, a September 2012 memorandum from the Joint Service Records Research Center (JSRRC) indicates that although there is extensive information showing the Fort Detrick was a proving ground for herbicides and other chemical testing, there is nothing in the Veteran's claims file or personnel records that affiliate him with Operate Whitecoat. 

In addition, information from the Department of Defense (DOD) documentation shows that herbicide testing was done at Fort Detrick between August 1961 and June 1963 and that compounds were spray-tested in the greenhouse to be evaluated as effective defoliants, desiccant, and herbicides. See November 2015 Correspondence. The Veteran also submitted several articles regarding the testing and use of Agent Orange at Fort Detrick during the period of his service. 

Although the Veteran's service treatment records do not show that he was specifically exposed to herbicides, the treatment records clearly indicate he served as a human subject for experiments. Notably, an April 1963 note in his service treatment records indicates that his pertinent clinical history was "classified," suggesting that some of his medical history was not memorialized in his service treatment records. In addition, an April 1963 note in the Veteran's service treatment records indicate that he was treated after accidentally being scratched by a monkey in a laboratory "while performing his regular schedule duties [sic]." This tends to support the Veteran's assertions that he worked in a greenhouse or laboratory environment and was exposed to herbicides. The Veteran has consistently asserted that he was exposed herbicides while working in the testing area at Fort Detrick and the Board finds no basis in the record to find the Veteran not credible. 

In light of the above evidence, the Board finds that there is an approximate balance of positive and negative evidence regarding the merits of this issue, and that doubt should be resolved in favor of the Veteran. Accordingly, service connection for coronary artery disease and diabetes mellitus is granted. 


ORDER

Entitlement to service connection for ischemic heart disease is granted. 

Entitlement to service connection for diabetes mellitus is granted. 





____________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs