Citation Nr: 1749187 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 10-12 603 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for a right knee disability, including as secondary to left knee disability and/or other service-connected disabilities.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel





INTRODUCTION

The Veteran served on active duty in the U.S. Navy from January 2002 to April 2003, and from May 2014 to August 2015, with additional reserve service. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision from the Regional Office (RO) of the Department of Veterans Affairs (VA) located in San Juan, the Commonwealth of Puerto Rico.

In September 2016, the Board reopened and remanded the claim of service connection for right knee disability to the Agency of Original Jurisdiction. After continued development of the claim by the AOJ, the matter has returned to the Board. 


FINDINGS OF FACT

1. A right knee disorder was not directly incurred in the Veteran's first period of active duty service, secondarily manifested due to a service-connected disability, nor manifested to a compensable level within one year of service discharge.

2. For the second period of active duty, the Veteran's right knee disorder was not documented upon service entrance, and there is no assertion or indication otherwise that the condition was aggravated in service. 


CONCLUSION OF LAW

The criteria are not met to establish service connection for a right knee disability, including secondary left knee disorder and/or other service-connected disabilities. 38 U.S.C.A. §§ 1110, 1111, 1153, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.306, 3.310 (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Neither the Veteran nor his representative have raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).
 
Applicable Law and Regulations

Under applicable VA law, direct service connection is available for current disability resulting from disease contracted or an injury sustained while on active duty service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303(a) (2017). Service connection also may be granted for disease diagnosed after discharge where incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet.App. 247, 253 (1999). 

If there was chronic disease in service, reappearance at any later date is service-connected, unless clearly due to an intercurrent cause. If not chronic, there must be continuity of symptomatology to link in-service disability to post-service condition. See 38 C.F.R. § 3.303(b). But see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (continuity of symptomatology principle limited to where involving those diseases already listed as "chronic" under 38 C.F.R. § 3.309(a)).

Certain chronic diseases, such as arthritis, may be presumed to have been directly incurred in active service without need for competent evidence proving a causal relationship to service, if manifested to a 10 percent level within one-year of service discharge. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

Secondary service connection is available for a condition proximately due to or the result of a service-connected disability. See 38 C.F.R. § 3.310(a). Secondary service connection also applies when a service-connected disability has chronically aggravated a nonservice-connected disability. See 38 C.F.R. § 3.310(b).

Whether to award service connection depends on review of all relevant evidence, medical evidence and lay statement, and the evaluation of its competency and credibility. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Apart from all this, moreover, the Veteran returned to active duty service from May 2014 to August 2015 which affects the law to apply. Given diagnosis of right knee disability before 2014, it is plausible the Veteran could raise an argument of aggravation of preexisting disability between years 2014 and 2015. 

Generally, service connection is available for a preexisting condition provided it was aggravated during service beyond its natural progression. 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306. A preexisting injury or disease will be considered to have been aggravated by active service where there is an increase in disability during service. In order to rebut the presumption of aggravation, there must be clear and unmistakable evidence that the increase in severity was due to the natural progress of the disability. 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306 (a). 

Under VA law, every person employed in the active military, naval, or air service shall be taken to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A. §§ 1111, 1137. 

Moreover, VA's Office of General Counsel has issued a precedent opinion holding that in order to rebut the presumption of soundness in 38 U.S.C.A. § 1111, VA must demonstrate by clear and unmistakable evidence both that the disease or injury in question existed prior to service and that it was not aggravated by service. VAOPGCPREC 3-2003 (July 16, 2003). The claimant is not required to show that the disease or injury increased in severity during service before VA's duty under the second prong of this rebuttal standard attaches.

Claim on the Merits

Having reviewed the circumstances of this case, the Board must issue a denial. This considers legal theories of entitlement of both direct and secondary service connection. Further considered, whether the Veteran's right knee condition worsened during the second period of active duty service from 2014 to 2015, and the Board finds that this is not demonstrated. 

For his first period of active duty from January 2002 to April 2003, the Veteran did not have documented or reported injury to the right knee or symptoms of a right knee disability. Thereafter, in the years immediately following service the Veteran underwent a VA examination in July 2005, and the assessment was "asymptomatic right knee." The examiner further indicated that there was not any evidence of a right knee condition, either documented in the claims folder or on physical examination.

It was at least a few years later until the problem surfaced, as reported at a VA Medical Center (VAMC) outpatient consult, with right knee pain in 2007 (specifically claimed as "bilateral knee pain") since approximately 2005, when he had fallen on a floor obstruction. The pain was most prominent at the left knee, and that is where the objective knee condition was actually diagnosed. Reported bilateral knee pain was indicated in an outpatient general treatment summary, dated from May 2008. The right knee showed crepitus, with no edema or tenderness. On repeated consult December 2008, the Veteran reported pain one year prior. The Veteran later underwent right knee arthroscopic surgery, by all apparent indication this happening in 2010.

At a VA joints examination in November 2008, a negative opinion was provided on the subject of medical causation, up to that point in time. The Veteran had then reported having developed right knee swelling due to the shift of weight to the right knee to protect the left side. The Veteran said he improved without any special treatment. The diagnosis given was right knee meniscal tear. The following opinion was given:

The right knee meniscal tear is not related to the service-connected left knee medial meniscal tear or patellofemoral dysfunction. The usual etiologic mechanism of a medial meniscal tear is related to a lateral knee impact or acute pivoting and not to overuse as claimed by the Veteran. There was no evidence of right knee complaints or knee trauma in the military service record. The patellofemoral syndrome was a result of mechanical imbalance due to weakness of the vastus medialis and not related to overuse. Therefore, it was not caused by or a result of left knee service-connected condition. 

The Board reopened the instant claim, then remanded it, in September 2016, for a better opinion addressing secondary service connection, namely whether the Veteran's diagnosed right knee disabilities were both caused and aggravated by the Veteran's other service-connected disabilities. See again, 38 C.F.R. § 3.310(b).

The Veteran underwent a VA examination in December 2016. The examiner diagnosed residuals of a right knee arthroscopic surgery (arthralgia). In March 2017, the same examiner reviewed evidence added to the claims file since the December 2016 examination and found that the Veteran's right knee condition was less likely as not caused or aggravated by his service-connected disabilities, which he listed. The examiner then explained: 

The Veteran's right knee condition has a different anatomical location to the left knee joint, no abnormal gait found that could correlate with a right knee condition secondary to the contralateral service-connected left knee condition. The other service-connected conditions ... have an unrelated pathophysiology to the right knee condition and are not the cause of the right knee condition, no evidence of aggravation found at available evidence concerning the right knee condition and the Veteran's service-connected conditions. 

From this, the Board concludes the evidence sufficiently rules out causal connection between the Veteran's claimed right knee disability, and both service and service-connected disabilities as from the first period of service. As the 2008 VA examiner observed in a negative opinion on causation, there was no injury in-service. Nor, was there overuse of the right knee, or any other connection to left knee disability. The better reasoned opinion on secondary service connection was the 2016 statement, indicating the Veteran had no abnormal gait, as expected would link right with left sided problems. There was no secondary relationship based on initial incurrence or aggravation, including also with other medical conditions in totally different physical regions. This evidence is well-supported, and consistent with the record. The Board also independently observes, the Veteran did not have continuity of symptomatology since service, but developed a right knee problem at least four years thereafter. See 38 C.F.R. § 3.303(b). See also Barr v. Nicholson, 21 Vet. App. 303, 307 (2007) (the elements of in-service incurrence of a disease or injury, and an association between that and a present diagnosed disability may be substantiated through a demonstration of continuity of symptomatology). On the whole, the evidence does not substantiate causal linkage to service or to other recognized service-connected disorders.

The Veteran had active service again from May 2014 to August 2015. The Board has closely looked at the record, and there is no specific or clear indication that this additional period of recognized service was a factor in developing a knee disability. There is no entrance examination per se, and so no opportunity to rebut the presumption of soundness. In any event, there is no contemporaneously documented right knee problem during this time period. There is no competent reported history provided by the Veteran of the same issue. As a result, there is no reason to suggest the claimed problem was incurred in service, or for that matter, aggravated in service. This determination is based on all available medical findings the Board has before it.

To the extent the Veteran states his belief that the right knee disability is related to his left knee condition, the Board has acknowledged this theory. Practically speaking, the question of what orthopedically causes a right knee problem is best resolved by and left to medical review of the case here. This takes into account many of the potentially nonservice-related contributing factors. The Veteran is competent to make assertions based on his lay observation, and that can include what may have been the cause of a claimed condition. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). However, the Board has before it two well-reasoned opinions explaining the likely cause of claimed disability, with nothing obvious to the contrary. Additionally, the Veteran in this case has not been shown to have experience, stills, or training needed to render an opinion as to the etiology of his right knee disability. 

Accordingly, the competent and probative evidence weighs against this claim. 
It follows that VA's benefit-of-the-doubt doctrine does not apply, and the claim must be denied. 


ORDER

The claim of service connection for a right knee disability, including secondary to left knee disability and/or other service-connected disabilities, is denied.



____________________________________________
D. Martz Ames
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs