Citation Nr: 1806330 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 11-22 502 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to compensation for residual disability from medication taken for service-connected back disability, to include extra-schedular consideration for back disability. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

J. Murray, Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from December 1973 to May 1995. 

This matter originally comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, which increased the assigned rating for lumbar spine disability from 20 to 40 percent disabling. The Veteran appealed the denial of a higher evaluation for his back disability. 

In a February 2015 decision, the Board denied the Veteran's claim for a rating in excess of 40 percent for his service-connected back condition. Thereafter, the Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In an Order dated November 2015, the Court granted a Joint Motion for Remand (JMR), which was incorporated by reference, to vacate the Board's decision and remand the case to the VA. In the JMR, the parties agreed that that the Board, in part, did not provide adequate reasons and bases in the extra-schedular referral analysis for the Veteran's claimed symptomatology that was not part of the regular rating schedule for spine disabilities.

The Board issued a decision in January 2016 which granted the Veteran a 50 percent disability rating for his service-connected back disability, but deferred extra-schedular consideration pending additional development of the Veteran's assertions of other health issues associated with back, to include sleep disturbances and residual disability from back pain medication. The Board also expanded the issues on appeal to include compensation for sleep disturbances and residual disability from back pain medication as secondarily associated with service-connected back disability. 

In an April 2017 decision, the Board, in part, denied the claim for compensation for sleep disturbances, and again remanded the claim for compensation for residual disability from back pain medication as secondarily associated with service-connected back disability. As the actions specified in the remand regarding residual disability from back pain medication have been completed, these matters have been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998).



FINDINGS OF FACT

1. The competent medical evidence of record does not demonstrate that the Veteran has a current diagnosed disability as side effect of back pain medication. 

2. All symptoms and associated impairment of the Veteran's back disability are encompassed by the criteria for the schedular 50 percent rating assigned; an exceptional or unusual disability picture rendering the application of the regular schedular standards impractical is not shown.


CONCLUSION OF LAW

Entitlement to compensation for residual disability as side effect of medication taken for service-connected back disability, to include extra-schedular rating, is not warranted. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.321, 4.71(a), Diagnostic Code 5242 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

1. VA's Duty to Notify and Assist 

VA's duty to notify was satisfied in a March 2010 letter prior to initial adjudication of the claim, and his claim was most recently readjudicated in a December 2017 supplemental statement of the case. 38 U.S.C. §§ 5100, 5102-5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a), 4.2 (2017). 

Concerning the duty to assist, the record reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran, including his service treatment records, post-service treatment records, and VA examination and medical opinion reports.

Pursuant to the Board's January 2016 and April 2017 remand directives, the Veteran's assistance was sought to obtain outstanding records of pertinent treatment, and he was provided with a June 2016 VA examination and a July 2017 VA medical opinion report has been obtained. The matter was re-adjudicated in the December 2017 SSOC, which implicitly denied referral for extra-schedular consideration as indicated by reference to 38 C.F.R. § 3.321 (2017), and considered matter for separate rating for residual disability due to back pain medication as directed by the remand instructions. Review of the record reflects that there has been compliance with the Board's remand directives and the Board may proceed with adjudication of the claim. See Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed.Cir. 2015, cert denied, U.S.C. Oct.3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

2. Compensation for Residual Disability as Side Effect of Back Pain Medication 

As noted in the Introduction, this matter originally arises from a claim for increased rating for lumbar spine disability. The parties to the November 2015 JMR agreed that the Veteran complained of symptomatology, to include severe drowsiness as side effect of back pain medication, which was not contemplated by the current assigned rating. In the January 2016 decision, the Board deferred extra-schedular consideration for back disability pending additional development of the Veteran's assertion of residual disability as side effect from back pain medication. As that development now has been completed, and the Veteran's claim was considered by the Agency of Original Jurisdiction in the December 2017 SSOC, the Board may now proceed with appellate review of this matter. 

Initially, the Board finds that the competent evidence of record does not demonstrate that the Veteran has a current diagnosed disability as residual from taking pain medication for his service-connected back disability. A review of the competent medical evidence does not show that the Veteran has been diagnosed with a residual disability as side effect of his back pain medication. See private and VA medical records, as well as the VA examination reports dated in June 2011, April 2014, and July 2016. Notably, in each examination report, the VA examiners marked that the Veteran did not have any other condition associated with back disability. 

Moreover, in the June 2017 VA medical opinion report, the VA examiner concluded that based on a review of the claims folder, including the Veteran's reported medical history, and a review of the medical literature, the Veteran did not have an additional medical condition (to include severe drowsiness) as result of taking medication for back disability. In particular, the VA examiner noted that if the Veteran takes his back medication in accordance with Federal Drug Administration (FDA) guidelines and instructions from his physician, he should not experience severe drowsiness as result of medication to treat his back. The VA examiner further noted that the medical evidence demonstrated that the Veteran had a number of other chronic conditions, including diabetes mellitus, kidney disease, hypertension, and obesity, that can result in daytime fatigue. 

In fact, the Board notes that the Veteran has not asserted that he has a separate diagnosed disability as residual of taking medication for back disability. Rather, in an April 2010 correspondence, the Veteran reported that he takes Mobic and Tramadol medication daily to treat back pain, but he worried that it affected his ability to work and drive. He indicated that the medication only worked for a few hours and did not have long-standing effectiveness, which suggests that his symptoms of drowsiness would resolve. Also, during the June 2016 VA sleep examination, the Veteran informed the VA examiner that he no longer suffered from daytime fatigue since he began sleeping in a reclined position at 30 degrees, and he only experienced re-occurrences if he slept laying flat. 

While the Board acknowledges the Veteran's belief that he suffers from severe drowsiness as side effect of back pain medication, he does not have the medical expertise to make an assessment of a diagnosis; rather, he is only competent to report the symptoms, such as fatigue and drowsiness that he suffers. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue).

As such, the Board finds that the evidence of record does not demonstrate that the Veteran has a current disability as residual of back pain medication at this time. Therefore, service connection cannot be awarded for a separate disability secondarily associated with service-connected back disability and the Veteran's claim on that basis must be denied at this time. See 38 C.F.R. §§ 3.102, 3.303. 

The Board will now address whether the Veteran's back disability, to include complaints of severe drowsiness as side effect of back pain medication, warrants referral for extra-schedular consideration, which is a component of the original increased rating claim. See Bagwell v. Brown, 9 Vet. App. 337, 339 (1996). 

The Court has held that the determination of whether a Veteran is entitled to an extra-schedular rating is a three step inquiry. See 38 C.F.R. § 3.321 (b); see also Thun v. Peake, 22 Vet. App. 111 (2008). First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the level of disability and symptomatology and is found to be inadequate, the Board must then determine whether the claimant's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the claimant's disability picture requires the assignment of an extra-schedular rating. Id.

The threshold factor for extra-schedular consideration is a finding that the evidence presents such an exceptional disability picture that the available schedular evaluations are inadequate. Here, the Veteran's primary complaints have been that his back disability is manifested with severe pain, stiffness, weakness, fatigue, and flare-ups. He also contends that his back pain disturbs his sleep and that the medication he takes for his back condition has caused additional side effects such as drowsiness.

The Veteran receives a 50 percent rating under Diagnostic Code 5242 pursuant to the criteria under the General Formula for Diseases and Injuries of the Spine (General Rating Formula). 38 C.F.R. § 4.71 (a), Diagnostic Codes 5235-5242 (2017). Under the General Rating Formula, a 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent rating is only warranted for unfavorable ankylosis of the entire spine. In addition, the schedular criteria for musculoskeletal disabilities contemplate a wide variety of manifestations of functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and contemplates for assignment of higher rating when those factors are not addressed in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59 (2017); DeLuca v. Brown, 8 Vet. App. 202 (1995); Mitchell v. Shinseki, 25 Vet. App. 32 (2011). 

As discussed in the January 2016 decision, the Board took into account the Veteran's complaints of pain and flare-ups, and was cognizant of the provisions of 38 C.F.R. §§ 4.40, 4.45, and 4.59, in making the determination that a rating of 50 percent, and not higher, was warranted for the Veteran's back disability. In this regard, the Board noted that while the Veteran's objective range-of-motion results only warrants a 40 percent rating (as the Veteran still has some forward flexion and no evidence of ankylosis), the additional function loss experienced by the Veteran because of pain, flare-ups, and those symptoms contemplated by DeLuca, the Veteran's back condition warranted the next higher rating of 50 percent. The Board found that the additional functional loss described above amounts to similar effects as the kind of condition contemplated by a 50 percent rating, as such, the next higher rating of 50 percent is warranted. See January 2016 Board decision. 

In particular, the Board considered that the evidence of record revealed that the Veteran suffered from severe back pain that caused functional loss in conducting everyday activities, as well as flare-ups that render him nearly immobile with weakness, additional pain on movement, and fatigue. To this end, the Veteran as continuously and consistently asserted that he suffered from flare-ups that have caused him to miss work and be confined to his armchair up to 10 days a year. 

Here, the rating criteria reasonably describes the Veteran's disability level and symptomatology due to limitation of motion and functional loss due to pain from flare-ups, as well as provides for higher or separate ratings for more severe symptoms (service-connection for bilateral radiculopathy). See 38 C.F.R. §§ 4.40, 4.45, 4.59; Mitchell, 25 Vet. App. at 37 (2011). However, the Board acknowledges that the Veteran contends that his back disability also causes him sleep disturbance and he has severe drowsiness as side effect of back pain medication, which are not contemplated by the schedular rating criteria pertaining to the spine. 

Next, the Board must consider whether the Veteran's disability picture presents other indicia of an exceptional or unusual disability picture, such as marked inference with employment or frequent periods of hospitalization. 38 C.F.R. § 3.321 (b)(1). The Board finds that his overall back disability does not. 

In this regard, the record does not demonstrate that the Veteran has not required any period of hospitalization for his back disability. Rather, he has specifically denied surgery or prescribed bed-rest to treat his back disability. See July 2016 VA spine examination. In addition, the Veteran has consistently reported that he has maintained his employment as telecommunication specialist despite his back disability. See VA examinations dated in June 2011, April 2014, and July 2016. While he has reported that he has missed up to 10 days in the past year due to flare-ups in back pain, the impact of the flare-ups has been contemplated by the Board in the current assigned rating. 

Moreover, the Veteran specifically stated that he has not missed much work for his back disability because he takes pain killers, he has a sedentary job, and the pain medication enables his freedom of movement. See August 2011 statement associated with substantive appeal and February 2013 statement in support of the case. The record also contains the June 2017 VA examiner's medical opinion that the Veteran's complaints of drowsiness did not impact his sedentary employment as telecommunication specialist. As such, the Board does not find that there is "marked interference with employment" beyond what has already been contemplated by the schedular criteria. 

Accordingly, referral for extra-schedular consideration for back disability is not warranted. See 38 C.F.R. § 3.321 (b); see also Thun v. Peake, 22 Vet. App. 111 (2008).


ORDER

Entitlement to compensation for residual disability as side effect of medication taken for service-connected back disability, to include extra-schedular rating, is denied. 




____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs