Citation Nr: 1825332 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 14-34 721A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to a rating in excess of 70 percent for service-connected post-traumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

M. L. Marcum, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the United States Navy from March 1963 to June 1966. This matter comes before the Board of Veterans' Appeals (Board) on appeal from July 2012 and April 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California. 

The record reflects the Veteran had requested a hearing before a Veterans Law Judge (VLJ) in conjunction with this appeal. Such a hearing was scheduled for March 2018, but the record reflects the Veteran did not show for that hearing. Accordingly, his hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(d) (2017).

In December 2012, the Veteran filed a separate claim seeking entitlement to service connection for depression. This issue was never adjudicated by the RO. During the appeal period, the Veteran was diagnosed as having depression, not otherwise specified. 

It is important for the Veteran to understand that all mental health disabilities, with the exception of eating disorders, are evaluated based upon the same criteria. See 38 C.F.R. § 4.130. Symptoms of depression will be considered in the Veteran's PTSD rating herein, therefore, this issue does not need to be addressed by VA (simply stated, the Veteran is already service connected for depression associated with the PTSD). In that regard, the Veteran will not be entitled to separate and additional ratings for depression or any similar psychiatric disorder in the present case unless there is evidence that the symptoms can be distinguished between multiples service-connected disabilities, as manifestations of a disability under multiple diagnoses (i.e., pyramiding) is to be avoided under 38 C.F.R. § 4.14. That is, the Veteran cannot be compensated twice for the same symptomatology as "such a result would overcompensate the claimant for the actual impairment of his earning capacity." Brady v. Brown, 4 Vet. App. 203, 206 (1993).

In this regard, the Board must note the fact that the Veteran is already at 100% and has been for many years due to his service-connected problems. 




FINDING OF FACT

The evidence does not show that the Veteran's service-connected PTSD causes total occupational and social impairment.


CONCLUSION OF LAW

The criteria for rating in excess of 70 percent (i.e., a 100 percent rating) for service-connected PTSD have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. § 4.130, Diagnostic Code 9411 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran's service-connected PTSD is evaluated under Diagnostic Code 9411 of the General Rating Formula for Mental Disorders (General Formula). 38 C.F.R. § 4.130. The Veteran filed his present claim for an increased rating in October 2010. In a July 2012 rating decision, the RO increased rating of the Veteran's service-connected PTSD from 30 percent to 50 percent, effective October 26, 2010. Subsequently, the Veteran filed a notice of disagreement contesting that rating. In October 2014, the Veteran perfected an appeal of his claim to the Board. 

In an April 2015 rating decision, the RO increased the rating of the Veteran's service-connected PTSD from 50 percent to 70 percent, effective from October 26, 2010. The grant of an increased rating during the course of an appeal does not affect the pendency of that appeal. AB v. Brown, 6 Vet. App. 35 (1993). As the Veteran is presumed to be seeking the maximum allowable benefit and the maximum benefit has not yet been awarded, the claim is still in controversy and on appeal.

Essentially, the Veteran now contends he is entitled to a 100 percent rating for his service-connected PTSD. The evidence of record does not support a 100 percent rating.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Under the General Formula, a maximum 100 percent rating is warranted for total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent ability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of closest relatives, own occupation, or own name. 38 C.F.R. § 4.130. Congress specifically limited the 100 percent rating to instances of total social and occupational impairment. 

In this case, the evidence does not show "total" social impairment. Specifically, during his February 2015 VA PTSD examination, the Veteran described his current relationship with his father as "it's good." He described his current relationships with his siblings as "we have contact and it's ok." These facts indicate positive social relationships. Additionally, his VA psychiatric treatment records do not show that he has had gross impairment in thought processes or communication, persistent delusions or hallucinations, grossly inappropriate behavior, persistent danger of hurting self or others, disorientation to time or place, or memory loss.

The Board recognizes that the Veteran likely believes he is entitled to the highest available disability rating of 100 percent. However, the record does not contain medical or lay evidence to demonstrate that the Veteran has suffered from symptomatology of the frequency, severity, and duration to result in total social impairment. While the Veteran has described significant symptoms and impairment, the assigned 70 percent rating is meant to compensate him for such a level of disability. Specifically, the previously assigned 70 percent rating contemplates the severity of the Veteran's PTSD from the date of his increase rating claim to the present and is the best representation of his overall disability picture. Throughout the appeal period, the Veteran's PTSD resulted in occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. The Veteran has not shown that his condition warrants the highest schedular evaluation. Because the preponderance of the evidence is against a finding of total social impairment for the entire period on appeal, a 100 percent rating is not warranted.

The Board notes that the Veteran has not raised any other issues, nor have any other issues been raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of records). 

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the Veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to duty to assist argument).

ORDER

A rating in excess of 70 percent for service-connected PTSD is denied.



JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs