﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/29/19

DOCKET NO. 181123-1665
DATE: August 29, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

REMANDED

Entitlement to compensation under 38 U.S.C. § § § 1151 for anastomotic leak, post colon surgery is remanded.

Entitlement to compensation under 38 U.S.C. § § § 1151 for hernia, inguinal (residual of anastomotic leak) is remanded.

Entitlement to compensation under 38 U.S.C. § § § 1151 for inflammatory bowel disease (residual of anastomotic leak) is remanded.

Entitlement to compensation under 38 U.S.C. § § § 1151 for small intestine bacteria overgrowth (residual of anastomotic leak) is remanded.

FINDING OF FACT

The Veteran is not service-connected for any disability.

CONCLUSION OF LAW

The criteria for entitlement to a total disability rating based on individual unemployability (TDIU) have not been met. 38 U.S.C. § § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.18, 4.25.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from May 1970 to July 1974.

In August 2016, the RO denied TDIU. The Veteran filed a Notice of Disagreement in September 2016. While that Notice of Disagreement was pending, the President signed into law the Veterans Appeals Improvement and Modernization Act of 2017 (Appeals Modernization Act or AMA), Pub. Law 115-55, which created a new claims and appeals process for pursuing VA benefits. The AOJ invited the Veteran to opt into the Rapid Appeals Modernization Program (RAMP), a temporary program that allowed early participation in the new appeals process before the AMA became effective in February 2019. In June 2018, the Veteran elected to participate in RAMP. He selected the Higher-Level Review (HLR) lane, in which the AOJ would consider evidence submitted to VA as of the date of the June 2018 RAMP election. He further acknowledged that as part of the HLR, VA would not seek additional evidence on his behalf. In October 2018, the AOJ issued the RAMP / HLR Rating Decision presently on appeal, notified the Veteran, and explained his rights to seek further appellate review under RAMP. In November 2018, he stated that he wanted to appeal to the Board, and he requested 90 days to submit evidence. No additional evidence or argument has been submitted. 

1. Entitlement to a total disability rating based on individual unemployability (TDIU)

The Veteran asserts entitlement to a total disability rating based on individual unemployability. See May 2016 Application for TDIU.

VA will grant TDIU when the evidence shows that the Veteran is precluded, by reason of service-connected disabilities, from obtaining and maintaining any form of gainful employment consistent with his/her education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16.

A Veteran may be awarded a TDIU upon a showing that she is unable to secure or follow a substantially gainful occupation due solely to impairment resulting from service-connected disabilities. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. A total disability rating may be assigned where the schedular rating is less than total when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

If a claimant does not meet the threshold criteria, a total disability evaluation may still be assigned, but on a different basis. It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). The rating boards are required to submit to the Director, Compensation and Pension Service, for extra-schedular consideration all cases of Veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). Id. 

Here, the Veteran is not service-connected for any condition. (If the Veteran prevails on the remanded issues, he may raise entitlement to a TDIU with respect to rating those disabilities that are granted. He can also file a supplemental claim within one year of this denial to preserve his effective date.)

Being service-connected for at least one disability is a prerequisite to entitlement to a TDIU on either a schedular or extraschedular basis. Because the Veteran is not service-connected for any disability, his inability to obtain and maintain gainful employment cannot be the result of service-connected disabilities.

The claim of entitlement to a TDIU must be denied.

Duties to Notify and Assist

The Veteran has not raised any specific issues with the duty to notify or duty to assist with respect to the above claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

REASONS FOR REMAND

In March 2016, the RO denied the following 1151 claims. The Veteran filed a Notice of Disagreement in April 2016. As noted above, in June 2018, the Veteran chose to participate in RAMP. He selected the Higher-Level Review (HLR) lane, and, in October 2018, the AOJ issued the RAMP / HLR Rating Decision presently on appeal denying the 1151 claims. In November 2018, he stated that he wanted to appeal to the Board, and he requested 90 days to submit evidence. No additional evidence or argument has been submitted. 

1. Entitlement to compensation under 38 U.S.C. § § 1151 for anastomotic leak, post colon surgery is remanded.

The issue of entitlement to compensation under 38 U.S.C. § § 1151 for an anastomotic leak, post colon surgery, is remanded to correct a duty to assist error that occurred prior to the October 2018 HLR Rating Decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a March 2016 medical opinion. However, this medical opinion was not based on an accurate factual basis. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-305 (2008) (listing factors to consider in evaluating probative value of medical evidence); Reonal v. Brown, 5 Vet. App. 458, 460-61 (holding that an opinion based upon an inaccurate factual premise has no probative value); see also November 2018 Notice of Disagreement (setting forth accurately, and in detail, the conflicts between the VA examiners factual basis and the actual factual record). For example, the VA examiner stated that the Veteran underwent an abdominal CT scan on January 28, 2005, when, in fact the scan took place on January 27, though the interpretive report was dated January 28. More importantly, the examiner indicated without equivocation or nuance that the scan “revealed no evidence of a sigmoid colon leak” although the report stated, in relevant part: “there is an abnormal, C-shaped fluid collection that wraps around the rectosigmoid colon which has mixed fluid and air with it. With a history of sigmoid resection, this likely represents a contained leak.” See January 2005 VA Radiology Report. The failure to acknowledge, account for, and explain the significance of this finding renders the March 2016 VA examiner’s opinion inadequate.

Notably, the stated opinion regarding foreseeability is inadequate due to the rationale which discusses standard of care and implies that the leak was foreseeable, though not preventable. This particular issue does not involve the standard of care at all.

In short, as argued by the Veteran and his representatives, the March 2016 opinion is inadequate. The Board notes that the opinion provided by the Veteran also fails to adequately discuss important aspects of this matter. The opinion implies that the delay in treatment of the sigmoid colon leak and/or the failure to diagnose the leak sooner violated the standard of care, but merely speaks in terms of “timely” and “untimely.” It would be helpful if the private physician directly addressed the standard of care (to include explaining what it required both in terms of actions and timing of those actions).

For the benefit of the Veteran, should he choose to obtain an addendum opinion from the private physician, the following is the legal standard:

To establish that carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA’s part in furnishing hospital care, medical or surgical treatment, or examination proximately caused a Veteran’s additional disability or death, it must be shown that the hospital care or medical or surgical treatment caused the Veteran’s additional disability or death; and (i) VA failed to exercise the degree of care that would be expected of a reasonable health care provider; or (ii) VA furnished the hospital care or medical or surgical treatment without the Veteran’s informed consent. 38 C.F.R. § 3.361 (d)(1). An opinion merely stating that diagnosis and treatment was not sufficiently timely to avoid an unfavorable outcome does not necessarily indicate that the providers failed to exercise the degree of care that would be expected of a reasonable health care provider.

VA will obtain an adequate opinion on from a VA examiner, but will not contact the private provider. The Veteran, however, may submit additional evidence upon remand, to include a more direct opinion regarding whether the standard of care was met in this case.

2. Entitlement to compensation under 38 U.S.C. § § 1151 for hernia, inguinal (residual of anastomotic leak) is remanded.

The claim for a hernia is based on the same events as the claim for the anastomotic leak and, therefore, the inadequate March 2016 VA examiner’s opinion constitutes a failure to comply with the duty to assist with respect to this claim as well.

3. Entitlement to compensation under 38 U.S.C. § § 1151 for inflammatory bowel disease (residual of anastomotic leak) is remanded.

The claim for inflammatory bowel disease is based on the same events as the claim for the anastomotic leak and, therefore, the inadequate March 2016 VA examiner’s opinion constitutes a failure to comply with the duty to assist with respect to this claim as well.

4. Entitlement to compensation under 38 U.S.C. § § 1151 for small intestine bacteria overgrowth (residual of anastomotic leak) is remanded.

The claim for small intestine bacteria overgrowth is based on the same events as the claim for the anastomotic leak and, therefore, the inadequate March 2016 VA examiner’s opinion constitutes a failure to comply with the duty to assist with respect to this claim as well.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from a physician regarding whether the Veteran’s anastomotic leak in January 2005 and residuals thereof were at least as likely as not (50 percent probability or greater) caused by hospital care, medical or surgical treatment, or examination furnished to the Veteran by VA and the proximate cause of the additional disability was at least as likely as not (50 percent probability or greater) (A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in furnishing the hospital care, medical or surgical treatment, or examination; or (B) an event not reasonably foreseeable.

The examiner should directly address the following questions:

a. Was the anastomotic leak in January 2005 an event not reasonably foreseeable?

If the answer to (a) is positive (i.e., if the anastomotic leak was not a reasonably foreseeable complication of the Veteran’s colon surgery), questions (b) through (e) need not be addressed.

b. Did VA fail to timely diagnose or treat the anastomotic leak in 2005?

In answering question (b), it would be helpful if the examiner discussed the April 2016 Private Opinion indicating the failure to diagnose and treat the leak was untimely.

c. If the answer to (b) is positive (i.e., the anastomotic leak was not timely diagnosed and/or not timely treated), was the failure to timely diagnose and/or treat the anastomotic leak the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA’s part? (The examiner should explicitly state whether VA failed to exercise the degree of care that would be expected of a reasonable health care provider in diagnosing and/or treating the anastomotic leak.)

d. If the answer to (c) is positive, identify all additional disabilities and residuals that proximately resulted from the failure to diagnose and treat the anastomotic leak in a timely manner. The examiner should address, in additional to any other actual or claimed residuals, whether the subsequent inguinal hernia, inflammatory bowel disease, and/or small intestine bacteria overgrowth are residuals of the anastomotic leak.

 

 

MICHELLE L. KANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kerry Hubers, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.