# United States Court of Appeals for the Federal Circuit

---

**IDA DICKENS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7022

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1303, Judge Lawrence B. Hagel.

---

Decided: March 1, 2016

---

ZACHARY STOLZ, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by NICHOLAS L. PHINNEY, ROBERT VINCENT CHISHOLM, MATTHEW J. ILACQUA; BARBARA J. COOK, Cincinnati, OH; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E.

KIRSCHMAN, JR.; DAVID J. BARRANS, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

——————————

Before LOURIE, SCHALL, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Calvin Dickens was an Army veteran who passed away while his benefits claim was pending. Ida Dickens, his widow, filed a claim for accrued benefits, which the Board of Veterans' Appeals rejected for insufficient evidence of combat status. Mrs. Dickens appealed to the United States Court of Appeals for Veterans Claims, arguing in part that the Board violated its duty to assist her with the development of her claim. The Veterans Court held that it could not consider Mrs. Dickens's duty-to-assist argument because she should have raised this allegation before the Board. Because the principles of issue exhaustion support the Veterans Court's determination, we affirm.

I

In 1998, Mr. Dickens filed a claim for Post-Traumatic Stress Disorder (PTSD) caused by in-service events. Mr. Dickens stated that he received a Purple Heart and Bronze Star in connection with these events. J.A. 19. Mr. Dickens's DD-214 may have been able to verify his statements, but the file was never located despite extensive searching. As such, the existence of the awards—and thus, evidence of the in-service events—is still uncorroborated today. Mr. Dickens passed away in April 2006, while his claim was pending, and Mrs. Dickens filed a claim for accrued benefits.

In October 2011, Mrs. Dickens testified at a Board hearing that she and Mr. Dickens had obtained proof of the Purple Heart, but she did not know what had hap-

pened to that proof. In March 2012, the Board denied Mrs. Dickens's claim, finding that there was no evidence in the record that Mr. Dickens was involved in combat during his military service. In September 2012, the parties entered into a joint motion for partial remand at the Veterans Court, agreeing that the Board erred in not providing an adequate discussion as to Mr. Dickens's combat status. On remand, in March 2013, the Board denied the claim, finding again that there was insufficient evidence to establish that Mr. Dickens engaged in combat.

Mrs. Dickens appealed, arguing in part that the VA violated its duty to assist her with the development of her claim because the Board hearing officer failed to suggest that she seek a copy of Mr. Dickens's service records in October 2011. J.A. 4. The Veterans Court rejected this argument, noting that if Mrs. Dickens believed that the hearing officer committed an error, she should have included that issue in the 2012 joint motion for partial remand. *Id.* Because Mrs. Dickens did not raise this argument to the Board, the Veterans Court found that the Board did not err in this regard. *Id.* For this and other reasons, the Veterans Court affirmed the denial of Mrs. Dickens's claim. *Id.* at 6.

Mrs. Dickens appeals. We have jurisdiction pursuant to 38 U.S.C. §§ 7292(a), (c).

## II

We may set aside a Veterans Court decision only when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 38 U.S.C. § 7292(d)(1)(A).

"While the Veterans Court may hear legal arguments raised for the first time with regard to a claim that is properly before the court, *it is not compelled to do so in every instance.*" *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (emphasis added). Because the decision

to invoke the doctrine of issue exhaustion is a discretionary one, its application is largely a matter of application of law to fact, a question over which we lack jurisdiction. *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003) ("This court is limited by its jurisdictional statute and, absent a constitutional issue, may not review challenges to factual determinations or challenges to the application of a law or regulation to facts."). But to the extent that the issue raised involves solely a legal interpretation, we possess jurisdiction.

In *Scott v. McDonald*, we outlined the three scenarios in which the invocation of issue exhaustion is appropriate: (1) the veteran, on an appeal from the Regional Office (RO) to the Board, fails to identify errors made by the RO either by stating that all issues in the statements of the case are being appealed or by specifically identifying the issues being appealed; (2) the veteran raises an argument for the first time on appeal to the Veterans Court and the Veterans Court determines that the VA's institutional interests outweigh the interests of the veteran under the balancing test set forth in *Maggitt*; and (3) the veteran raises an argument for the first time on appeal to this court and we do not consider it, because we lack jurisdiction to hear arguments that have not been addressed by or presented to the Veterans Court. 789 F.3d 1375, 1378–80 (Fed. Cir. 2015). We affirmed the Veterans Court's invocation of issue exhaustion under the second scenario. *Id.* at 1381.

Here, the Veterans Court decided not to consider Mrs. Dickens's duty-to-assist argument because she failed to raise the issue to the Board. J.A. 4. Under the principles of issue exhaustion, the Veterans Court's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The circumstances in this case fully support the Veterans Court's decision. Mrs. Dickens raised her argument to the Veterans Court for the first time on appeal in 2014. The argument centered

on a 2011 purported breach of the duty-to-assist.  Mrs. Dickens had the opportunity to raise the argument in at least the 2012 joint motion for partial remand and again on remand to the Board, but did not do so.  And, the record indicates that the Dickenses were on notice of the need to locate the DD-214 since 1998.  *See, e.g., id.* at 2, 21, 84–88.

We have considered Mrs. Dickens's remaining arguments, and find them unpersuasive.  Because the Veterans Court's decision not to consider Mrs. Dickens's duty-to-assist argument was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.

## AFFIRMED

No costs.