﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190204-2946
DATE: July 30, 2019

ORDER

Entitlement to an effective date earlier than February 14, 2018, for the grant of service connection for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

1. The Veteran submitted an intent to file a claim form on February 14, 2018 followed by a completed and signed fully developed claim form (VA Form 21-526EZ) for service connection for PTSD, which was granted, effective February 14, 2018.

2. There are no prior pending claims of service connection for PTSD and the formal claim for compensation for a psychiatric disorder submitted on May 7, 2007, was never signed despite requests to do so, and the claim was therefore abandoned.

CONCLUSION OF LAW

The criteria for the assignment of an effective date prior to February 14, 2018, for the award of service connection for PTSD are not met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.159(a)(3) (2007); 38 C.F.R. §§ 3.1, 3.155, 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1973 to May 1980, and from January to May 1991, including service in the Southwest Asia Theater.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

The Board notes that the rating decision on appeal was issued in May 2018. In September 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

Preliminary Matter

The Board has limited the discussion below to the relevant evidence required to support its findings of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

Earlier Effective Date for Service Connection for PTSD

An award of direct service connection will be effective on the day following separation from active military service or the date on which entitlement arose if the claim is received within one year of separation from service. Otherwise, except as specifically provided, the effective date of an evaluation and award for pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

Under the Veterans Claims Assistance Act (VCAA), upon receipt of a complete or substantially complete application for benefits, VA has particular duties to notify and assist a claimant regarding evidence necessary to substantiate the claim. 38 C.F.R. § 3.159(b), (c). A substantially complete application means an application containing the claimant’s name; sufficient service information for VA to verify the claimed service, if applicable; the benefit claimed and any medical condition(s) on which it is based; and the claimant’s signature. 38 C.F.R. § 3.159(a)(3).

If VA receives an incomplete application for benefits, it will notify the claimant of the information necessary to complete the application and will defer assistance until the claimant submits this information. 38 U.S.C. §§ 5102(b), 5103A(a)(3); 38 C.F.R. § 3.159(b)(2). If a claimant or a claimant’s representative are notified of information necessary required for a substantially complete application, and that information is not received within one year from the date such notice is sent, no benefit may be paid or furnished by reason of the claimant’s application. 38 U.S.C. § 5102(c).

These regulatory provisions have remained essentially unchanged since 2007 and 2008, the period relevant to the Veteran’s appeal.

Discussion

The Veteran seeks an effective date of May 7, 2007, for the award of service connection for PTSD. The record reflects that the Veteran submitted an electronic claim form on May 7, 2007 seeking service connection for flash backs, weakness, loss of memory, depression, lack of sleep, and chest pains (“May 2007 Claim”). See Veteran’s Application for Compensation and/or Pension (VA Form 21-526) dated May 7, 2007. Notably however, the signature page of the May 2007 Claim is entirely blank.

In a May 9, 2007 e-mail message sent to the e-mail address provided by the Veteran in his May 2007 Claim form, the RO requested that he “print and sign the signature page” for the claim and submit it to the RO, otherwise, the RO would be unable to take formal action on his claim. See E-mail Correspondence dated May 9, 2007 from P.W.B. to Veteran. In a March 4, 2008 letter from the RO addressed to the mailing address provided by the Veteran in his May 2007 Claim form, the RO again requested that the Veteran submit the signature page and enclosed a copy of it with the letter. The record does not reflect that the Veteran responded to either request from the RO. The RO took no further action on the claim and the record reflects no further correspondence from the Veteran until he filed a claim for service connection for PTSD in February 2018.

In support of his claim for an earlier effective date for service connection, the Veteran asserts that he did not receive timely notice from the RO that the signature page for the May 2007 Claim was needed, that a signed VCAA Notice Acknowledgment he submitted in May 2008 should be construed as a timely filed signature page for the May 2007 Claim, and he implies that the RO’s development of his claim in 2007 and 2008 waived the requirement for his signature. See Notice of Disagreement (NOD) received June 20, 2018.

First, the Veteran’s contention that he was not timely notified of the unsigned May 2007 Claim is contradicted by the record, as discussed above. The record shows that he was contacted via both email and written correspondence. Additionally, under the presumption of regularity in the administrative process, it is presumed that a claimant received proper notice from VA. See Boyd v. McDonald, 27 Vet. App. 63, 71-72 (2014) (holding that under the presumption of regularity, if notice is sent to the claimant’s last known address of record, it will be presumed that VA properly discharged its official duties). This presumption may only be rebutted with “clear evidence to the contrary.” Schoolman v. West, 12 Vet. App. 307, 310 (1999). Such evidence includes “clear evidence that VA did not follow its regular mailing practices or that its practices were not regular.” Boyd, 27 Vet. App. at 72. The mere assertion that the notice was not received does not by itself constitute clear evidence rebutting the presumption. Id. However, the presumption of regularity may be rebutted where there is evidence that (1) VA used an incorrect address on the mailing in question or (2) the mailing was returned as undeliverable and “there were other possible and plausible addresses available to VA” at the time. Id. at 72.

Here, the March 2008 letter requesting that the Veteran sign and return the signature page of the May 2007 Claim form reflects a date more than two months prior to the one-year anniversary date of the claim. Notably, the mailing address is identical to the address provided by the Veteran in his May 2007 Claim form. The record contains no evidence that the mailing was returned undeliverable. The Board notes that the RO also notified the Veteran of the missing signature page by e-mail in May 2007, sent to the e-mail address he provided in his May 2007 Claim form, and there is no indication in the record that the e-mail was not received or undeliverable. Based on the foregoing, the Board finds that the Veteran was timely notified of the need to submit the May 2007 Claim form signature page to complete his claim for service connection.

Next, the Veteran’s assertion that the signed May 2008 VCAA Notice Acknowledgement should be a sufficient substitute for his failure to submit the signature page for his May 2007 Claim is without merit. The VCAA Notice of Acknowledgment, by its very language, was confined to providing notice to the RO to proceed with adjudication of claims without waiting 60 days for submission of additional evidence. Additionally, the RO notified the Veteran in October 2007 and March 2008 that he was not required to return the VCAA Notice Response. Therefore, the Board finds that there is no basis for construing the VCAA Notice Acknowledgment as a signature page for the May 2007 Claim.

Lastly, the Veteran’s suggestion that the RO’s development of his claim absent receipt of the May 2007 Claim form signature page waived the signature requirement is groundless. As noted above, VA regulations specify that a formal claim for benefits is not substantially complete absent the claimant’s signature and provide no waiver for this requirement. 38 C.F.R. § 3.159(a)(3).

The Board acknowledges the Veteran’s assertion on appeal that his successful submission of the May 2007 Claim in electronic form should be recognized as a signed form under the Federal Electronic Signatures in Global and National Commerce Act of 2000 (“Act”). See Appeal Brief dated April 26, 2019 at pg. 2. The Act only specifies that a record may not be denied legal effect or validity solely because the record or signature was in electronic form. 15 U.S.C. §§ 7001 (2007 and 2008). Here, VA denied the validity of the Veteran’s May 2007 form as a claim because it was rendered incomplete in the absence of a signature. Again, he failed to sign the electronic form or respond to at least two subsequent requests from the RO to do so.

Accordingly, the Board finds that the Veteran’s May 2007 Claim was abandoned, because one year passed without the Veteran returning the completed signature page of the claim form. See 38 C.F.R. § 3.158 (2008). Thereafter, the Veteran did not submit an intent to file a claim form (VA Form 21-0966) until February 14, 2018, followed by a completed and signed fully developed claim form (VA Form 21-526EZ) that was received on March 16, 2018 for service connection for PTSD.

While informal claims were recognized by VA prior to March 24, 2015, there are no informal claims of record prior to February 2018. 

The May 2007 form was not an informal claim; rather it was intended to be submitted as a formal claim but unfortunately it was incomplete. 

(Continued on the next page)

 

Consequently, there is no legal basis upon which to grant an effective date prior to February 14, 2018 for the grant of service connection for PTSD. The Board is bound by the law governing the assignment of effective dates in its determination in this case. See 38 U.S.C. § 7104(c). The claim of entitlement to an effective date earlier than February 14, 2018, for the award of service connection for PTSD must be denied.

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Brad Farrell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.