﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190515-5370
DATE: November 27, 2019

ORDER

Entitlement to service connection for right ear hearing loss is denied.

FINDING OF FACT

The Veteran does not have current right ear hearing loss that manifested during service or to a compensable degree within one year thereafter or that is otherwise related to service.

CONCLUSION OF LAW

Right ear hearing loss was not incurred in active service, nor may it be presumed to have been so incurred. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1154 (West 2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from February 1967 to February 1993.

The Board notes that the rating decision on appeal was issued in January 2019. That decision denied service connection for bilateral hearing loss. In January 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). He selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, an AMA rating decision was issued in March 2019, which considered the evidence of record as of the date VA received the RAMP election form. This March 2019 decision granted service connection for left ear hearing loss, but denied service connection for right ear hearing loss. The Veteran then timely appealed that decision to the Board as to the denial of service connection for right ear hearing loss and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Law and Analysis

Neither the Veteran nor his representative has raised any pre-decisional issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. The provisions relating to continuity of symptomatology, however, can be applied only in cases involving those conditions enumerated under 38 C.F.R. § 3.309 (a) as a chronic disease. 38 C.F.R. § 3.303 (b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). These provisions are applicable to sensorineural hearing loss (organic disease of the nervous system) and are considered to be a chronic disease for VA compensation purposes.

In addition, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including sensorineural hearing loss, are presumed to have been incurred in service if they manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

For the purpose of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information and lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the weight of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to service connection for right ear hearing loss.

The Veteran’s service treatment records show that he was provided an enlistment examination in October 1966; however, only a whisper test was administered. Whisper tests were then administered in November 1970 and February 1971. No hearing loss or difficulties were noted during these examinations.

In June 1971, the Veteran underwent an audiological evaluation, which showed normal hearing. Specifically, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 0 0 5 10

The Veteran underwent a number of audiological examinations throughout his military service. The results of that testing are as follows:

November 1976:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 5 0 0

June 1983:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 10 10 5 0 5

May 1984:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 10 10 5 5 10

July 1985:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 5 5 5

May 1986:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 5 5 5 5 5

Upon separation his from service, the Veteran was given another audiogram, with the following results:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 10 10 10 5 5

There is no evidence showing that the Veteran had right ear hearing loss as defined by 38 C.F.R. § 3.385 during service or within one year thereafter. Therefore, the Board finds that the disorder did not manifest in service or to a compensable degree within one year thereafter.

The Veteran was then afforded a VA examination in connection with his claim in January 2019. The VA examiner evaluated the Veteran and reported pure tone thresholds, in decibels, as:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 30 15 30 30 30

The January 2019 VA examiner diagnosed the Veteran with right ear hearing loss; however, she determined that the Veteran’s right ear hearing loss was not related to his military service. In this regard, she noted that, although only a whisper test had been conducted upon his entry to service, the Veteran’s right ear showed normal hearing in June 1971, as well as at the time of his separation from service. She also noted that there had been no significant threshold shift beyond test variability, which she opined is objective evidence that there was no permanent auditory damage to the right ear while the Veteran was on active duty, despite exposure to noise.

The Board acknowledges that the Veteran has claimed that that he has experienced hearing loss due to his service. Although lay persons are also competent to provide opinions on some medical issues, Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, the etiology of the Veteran’s current right ear hearing loss, falls outside the realm of common knowledge of a lay person, particularly in light of the delayed onset of the disorder. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Moreover, the January 2019 examiner’s opinion is more probative on this issue, as it is based on a review of the record, audiological testing and analysis, and the examiner’s own medical knowledge, training, and expertise. The opinion was also supported by rationale.

There is no medical opinion of record relating the Veteran’s current right ear hearing loss to his military service. 

Based on the foregoing, the Board finds that a preponderance of the evidence is against the Veteran’s claim for service connection for right ear hearing loss. Because the preponderance of the evidence is against the Veteran’s claim, the benefit of the doubt provision does not apply. Accordingly, the Board concludes that service connection is not warranted. 

 

 

J.W. ZISSIMOS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Rideout-Davidson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.