﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190515-5676
DATE: December 31, 2019

ORDER

An evaluation of 70 percent for generalized anxiety disorder is granted.

FINDING OF FACT

The Veteran’s generalized anxiety disorder more closely approximate occupational and social impairment with deficiencies in most areas.

CONCLUSION OF LAW

The criteria for an evaluation of 70 percent for generalized anxiety disorder have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 2006 to February 2014.

The rating decision on appeal was issued in April 2019 after the effective date of the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2). The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Neither the Veteran nor his representative have raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

1. Evaluation of generalized anxiety disorder in excess of 50 percent.

The Veteran seeks an evaluation in excess of 50 percent for her generalized anxiety disorder. The rating decision on appeal arose from a routine future examination scheduling with a claim date designated as January 31, 2019. 

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

The issue in this appeal is whether the Veteran’s associated symptoms caused the level of impairment required for a disability rating of 70 percent or higher.

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

After reviewing the evidence in this period which consists entirely of the March 2019 VA examination report, the Board finds that the Veteran’s symptoms more nearly approximate the severity, frequency, and duration of the criteria for a 70 percent evaluation. Specifically, in the March 2019 VA examination, the Veteran reported experiencing “terrible anxiety with just about everything.” She described the most difficulty with driving and excessive fear about getting into an accident. The Veteran reported perceiving her worries as sometimes excessive and difficult to control. She described her worries as “constant.” She reported difficulty establishing relationships due to irritability and a tendency to overreact to minor situations. She also described rumination, constant hypervigilance, and exaggerated startle response. The Veteran reported experiencing nightmares about dangerous events happening to her (e.g., house burning down, intruder climbing through window), but she reported that her nightmares do not relate to specific traumatic events she experienced in the past. The Veteran reported averaging 6 to 7 hours of sleep per night. She described feeling easily overwhelmed. She reported frequently experiencing headaches and some concentration difficulties with associated memory problems. The Veteran also described frequent sadness and panic attacks on an almost daily basis. The Veteran reported that she used to be “fun” and socialize and now she does not even have any friends. She reported that she does not engage in social activities or events, even with her children, because of her anxiety, and she described experiencing guilt because she is unable to be the mother she wants to be for her children. The Veteran reported that she has had to quit several jobs and stop attending school because the tasks were overwhelming and having to commute was too difficult due to her anxiety. Objective test results revealed the Veteran’s depression was extremely severe. Anxiety was extremely severe and stress extremely severe.

Many of the symptoms the Veteran reported are associated with a 50 percent evaluation, such as panic attacks more than once per week, impairment in short- and long-term memory, disturbances of motivation and mood, and difficulty in establishing effective work and social relationships. Nonetheless, the finding of extremely severe anxiety, depression, and stress on objective tests is significant as is the Veteran’s credible reports that her worries as constant and sadness and panic attacks on a near daily basis. The severity, frequency, and duration of these symptoms is similar to the symptom of near continuous panic and depression affecting the ability to function independently, appropriately, and effectively. 

Although this is only one symptom of the several listed under the 70 percent criteria, the severity, frequency and duration, being extremely severe and near constant, of the one symptom more nearly approximates occupational and social impairment with deficiencies in most areas. A 70 percent rating is therefore granted. 

The Board finds the severity, frequency, and duration of the Veteran’s symptoms do not more nearly approximate the 100 percent criteria. “Total” is defined as “whole, not divided; full; complete,” and “utter, absolute.” Black’s Law Dictionary, 1498 (7th ed. 1999). The Veteran has been able to maintain employment, although she has changed jobs frequently, and she has good relationships with her parents and children, her 13-year-old son's father, and an individual who she started dating a few months prior to the VA examination. Thus, she is not totally occupationally and total socially impaired. 

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Rocktashel, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.