﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190815-28356
DATE: July 31, 2020

ORDER

Entitlement to a compensable rating for hypertension is denied.

REMANDED

Entitlement to service connection for obstructive sleep apnea (OSA) is remanded.

FINDING OF FACT

The Veteran's hypertension has not been manifested by diastolic pressure that has been predominantly 100 or more; or in systolic pressure that has been predominantly 160 or more; and the Veteran does not have a history of diastolic pressure predominantly 100 or more.

CONCLUSION OF LAW

The criteria for a compensable rating for hypertension have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § §§ 3.102, 4.3, 4.7, 4.104, Diagnostic Code 7101 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from April 2012 to November 2014. The rating decision on appeal was issued in April 2019. In August 2019, the Veteran submitted a timely notice of disagreement, requesting the direct review lane under the modernized system. 38 C.F.R. § 19.2(b).

The Board observes that the United States Court of Appeals for Veterans Claims (the Court) has held that a total disability rating indicating unemployability (TDIU) is "part and parcel" of a claim for an increased disability rating when raised by the Veteran or the evidence of record. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). Here, the Veteran has not raised TDIU and a review of the record reveals that the Veteran last worked as a security officer in 2017 and was a Criminal Justice student. The record does not show that the Veteran is unable to secure or follow a substantially gainful occupation. Thus, TDIU has not been raised and is not before the Board here.

I. Duty to Notify and Assist

Neither the Veteran nor his representative have raised any issues with the duty to notify or duty to assist. Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings liberally does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Increased Ratings

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. 38 C.F.R. § 4.7.

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). While the regulations require review of the recorded history of a disability by the adjudicator to ensure a more accurate evaluation, the regulations do not give past medical reports precedence over the current medical findings.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Consistent with the facts found, the rating may be higher or lower for segments of the time under review on appeal, i.e., the rating may be "staged." See Fenderson v. West, 12 Vet. App. 119 (1999).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to a compensable rating for hypertension

The Veteran contends that a compensable rating is warranted for his service-connected hypertension.

The Veteran's hypertension is evaluated as 0-percent disabling (noncompensable) effective from August 9, 2017. The relevant disability ratings for hypertension are as follows: a 10 percent rating is warranted when the Veteran’s diastolic pressure is predominantly 100 or more, or; systolic pressure predominantly 160 or more, or; minimum evaluation for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. A 20 percent rating is warranted when a Veteran's diastolic pressure predominantly 110 or more, or systolic pressure predominantly 200 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101.

A review of the record shows that the Veteran was afforded a VA examination in February 2019 to assess the severity of his hypertension. Three readings of his systolic blood pressure were noted as: 137mm, 133mm and 133mm. Three readings of his diastolic blood pressure were noted as 90mm, 88mm, 86mm. While the Veteran was on medication for his hypertension, the examiner noted that the Veteran did not have a history of a diastolic blood pressure elevation to predominantly 100 or more.

VA treatment records also show that the Veteran does take medication to control his blood pressure, but blood pressure readings do not indicate diastolic pressure of 100mm or more. Indeed, a blood pressure reading from May 2019 showed a systolic pressure of 129mm and diastolic pressure of 82mm.

A previous VA examination from October 2017 noted three readings of the Veterans’ blood pressure. The readings of his systolic blood pressure were noted as: 138mm, 135mm, 130mm. The readings of his diastolic blood pressure were noted as: 96mm, 95mm, 92mm. The Veteran’s blood pressure during his enlistment examination is noted as systolic 129mm and diastolic 74mm. His blood pressure during his separation examination is noted as systolic pressure of 126mm and diastolic pressure of 84mm.

In short, the recorded readings do not show that a compensable rating is warranted under the criteria of Diagnostic Code 7101. The evidence of record during the appeal period does not demonstrate that the Veteran has blood pressure readings that are predominantly 100 or greater in diastolic pressure or 160 or greater in systolic pressure. Moreover, while medication is required to control his high blood pressure, he does not have a history of hypertension with diastolic pressure that is predominantly 100 or more. Cf. McCarroll v. McDonald, 28 Vet. App. 267 (2016) (holding that even if hypertension is controlled by medication, a compensable evaluation is warranted only if there is a history of diastolic pressure predominantly 100). The medical evidence does not support a showing of diastolic pressure of 100 or more throughout the appellate timeframe and, indeed, the February 2019 VA examiner specifically noted that the Veteran does not have a history of diastolic pressure predominantly 100.

Therefore, the Board cannot assign the minimum rating in this case. Accordingly, an initial compensable evaluation for the Veteran's hypertension is not warranted in this case based on the evidence of record at this time, and that claim is therefore denied. See 38 C.F.R. § § 4.7, 4.104, Diagnostic Code 7101.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990). However, preponderance of the evidence weighs against granting a compensable rating for hypertension. Thus, the benefit-of-the-doubt doctrine is not for application and the claim must be denied.

REASONS FOR REMAND

1. Entitlement to service connection for obstructive sleep apnea (OSA) is remanded.

The Veteran contends that his sleep apnea condition was caused due to long term exposure to fumes while he worked on trucks as a mechanic of heavy vehicles while on active duty.

A review of the record shows that the Veteran underwent a sleep study in November 2018. See November 2018 VA treatment record. The results of the sleep study showed that the Veteran has obstructive sleep apnea and he was prescribed a Continuous Positive Airway Pressure (CPAP) machine. Id.

The Veteran’s service treatment records (STRs) show that his entrance examination is clear for any sleep issues. However, during separation, the Veteran reported that he was having frequent trouble sleeping. See September 2014 separation examination. At the time, the medical examiner noted that the Veteran’s sleeping issues were caused due to tinnitus as the Veteran reported ringing in his ears while attempting to sleep. However, the Board observes that the Veteran did not have a diagnosis of obstructive sleep apnea at the time and has been granted service-connection for tinnitus. The Veteran’s DD-214 lists his military occupational specialty (MOS) as a Construction Equipment Repairer. See DD Form 214.

The VA's duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159 (c)(4). Such development is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent evidence of diagnosed disability or symptoms of disability, (2) establishes that the veteran suffered an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159 (c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the third element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and active service, including equivocal or non-specific medical evidence or credible lay evidence of continuity of symptomatology).

Here, the Veteran has a current diagnosis of obstructive sleep apnea. The Veteran reported sleep issues during service and VA treatment records show that the Veteran has continued to report sleep issues. The Board finds that the low threshold under McLendon is met in this case and a VA examination should be obtained to adequately decide the merits of the claim. McLendon, 20 Vet. App. at 83.

Accordingly, the matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his obstructive sleep apnea. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including exposure to motor pool fumes while the Veteran worked as a mechanic.

The examiner must also opine whether the Veteran’s obstructive sleep apnea is at least as likely as not (1) proximately due to a service-connected disability, including tinnitus or (2) aggravated beyond its natural progression by a service-connected disability as the Veteran’s separation examination notes sleep issues, and the Veteran is currently service-connected for tinnitus.

2. After the above development, and any additionally indicated development, has been completed, readjudicate the issue on appeal. 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Khan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.