Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210218-141688
DATE: May 28, 2021

ORDER

Entitlement to service connection for bladder cancer, to include as due to herbicide exposure, is granted.

FINDINGS OF FACT

1. The Veteran was diagnosed with bladder cancer during the pendency of the appeal. 

2. The Veteran had service in the Republic of Vietnam, and he is presumed to have been exposed to herbicide agents, including Agent Orange, during such service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for bladder cancer, to include as due to herbicide agent exposure, are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the Navy from June 1962 to July 1966. This matter comes before the Board of Veterans' Appeals (Board) on appeal from December 2019 and October 2020 rating decisions by a Department of Veterans Affairs (VA) Regional Office (RO), which denied entitlement to the benefit currently sought on appeal. 

By way of background, in October 2019, the Veteran filed claim for entitlement to service connection for bladder cancer. Service connection was denied in a December 2019 rating decision. In May 2020, the Veteran, through his attorney, opted into the AMA by filing VA Form 10182, Decision Review Request: Board Appeal, and elected Direct Review of the evidence by a Veterans Law Judge. 

The claim was subsequently remanded by the Board for a VA examination and medical opinion in July 2020. An October 2020 rating decision found new and relevant evidence had been submitted and upon reconsideration service connection was denied. 

In the February 2021 VA Form 10182, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decisions on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The rating decision from October 2020 made favorable findings that (1) the evidence showed that the Veteran performed service in the Republic of Vietnam; (2) the claimed disability was a chronic disease which may be presumptively linked to military service under 38 C.F.R. § 3.309(a); (3) the Veteran had been diagnosed with a current disability as private treatment records showed a diagnosis of bladder cancer; (4) the Veteran had sufficient service to meet the minimum requirements for presumptive service connection; (5) the evidence showed that the Veteran was exposed to herbicide agents during military service and thus had a qualifying event, injury, or disease in service. Under AMA, favorable findings made by the AOJ are binding on the Board unless there is clear and convincing evidence to the contrary. 38 C.F.R. § 3.104(c). 

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016). 

Service Connection for Bladder Cancer - Laws and Analysis

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran in this case contends that his bladder cancer is related to his active duty service; specifically, to his exposure to herbicide agents during service in the Republic of Vietnam. 

For purposes of establishing service connection for a disability resulting from exposure to herbicide agents, a veteran who had active military, naval, or air service in the Republic of Vietnam during the Vietnam Era, beginning on January 9, 1962, and ending on May 7, 1975, will be presumed to have been exposed to an herbicide agent during that service, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C. § 116(f); 38 C.F.R. §§ 3.307(a), 3.309(e). 

VA law also provides that, if a veteran was exposed to an herbicide agent during service, certain listed diseases shall be service-connected if the requirements of 38 U.S.C. § 1116; 38 C.F.R. § 3.307(a)(6)(iii) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 U.S.C. § 1113; 38 C.F.R. § 3.307(d) are also satisfied. The National Defense Authorization Act for Fiscal Year 2021, P.L. 116-283, § 6501, 134 Stat. 3388 (Jan. 1, 2021) recently added bladder cancer to the list of conditions presumptively associated with exposure to herbicide agents. 38 U.S.C. § 1116 (a)(2)(J). 

As found by the RO, the Veteran has a current diagnosis of bladder cancer and the evidence showed that the Veteran had military service in the Republic of Vietnam and was exposed to herbicide agents therein.

As indicated above, bladder cancer is an herbicide agent exposure presumptive disease listed under 38 C.F.R. § 3.307. Accordingly, service connection for bladder cancer is established on a presumptive basis.

 

S. B. MAYS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Moldawer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.