NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERELL J. BELGER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1034

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-3766, Judge Coral Wong Pietsch.

---

Decided:  May 28, 2025

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued  for claimant-appellant.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; RICHARD STEPHEN HUBER, DEREK

SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

The United States Court of Appeals for Veterans Claims affirmed a decision of the Board of Veterans' Appeals denying Terell Belger entitlement to earlier effective dates for benefits on two service-connected claims. We dismiss Mr. Belger's appeal.

## BACKGROUND

Terell Belger ("Mr. Belger") served in the U.S. Army from April 1989 to June 1989, July 1992 to September 1992, December 1995 to June 1996, and October 2001 to September 2002. *See Belger v. McDonough*, No. 22-3766, 2023 WL 4485335, at \*1 (Vet. App. July 12, 2023). In August 2003, Mr. Belger submitted claims for benefits for various service-connected conditions. *Id.* In January 2004, a regional office ("RO") of the Department of Veterans Affairs ("VA") granted Mr. Belger benefits for "postoperative anterior surgical fusion C4-C5" and granted various disability ratings related to this condition, one of which was a 20% rating effective from September 24, 2002. *See id.* On January 29, 2004, Mr. Belger filed a Notice of Disagreement arguing that he was entitled to a 100% rating on the rating effective from September 24, 2002. *See id.*; J.A. 13, 45. Mr. Belger's Notice of Disagreement included an informal claim for "an acquired psychiatric disorder." *See* J.A. 13. On May 25, 2004, Mr. Belger filed an additional informal claim for headaches. *See id.*

During a hearing in April 2006, the Board of Veterans' Appeals ("Board") determined that Mr. Belger had raised new claims for headaches and vision problems. *See id.*; J.A. 43. In March 2007, the Board determined that Mr. Belger had claimed benefits for headaches and vision

problems as secondary to his cervical spine disability ("CSD"), i.e., his postoperative anterior surgical fusion C4-C5. *See Belger*, 2023 WL 4485335, at \*1. Accordingly, the Board remanded for the RO to develop and adjudicate these secondary conditions. *See id.* In March 2009, the RO denied benefits for headaches and vision problems, but the Board again remanded on the same two claims. *See id.*

In September 2015, Mr. Belger was diagnosed with "an adjustment disorder with depressed mood," and he reported that this depression stemmed from his chronic pain (i.e., due to his CSD). *See id.* On July 11, 2017, Mr. Belger filed claims for multiple conditions, and, on July 15, 2017, a VA examiner diagnosed him with chronic adjustment disorder. *See id.* In December 2017, the RO granted Mr. Belger benefits for headaches, chronic adjustment disorder, and complex regional pain syndrome ("CRPS"), all as secondary to his CSD (characterized as "cervical degenerative joint disease"), effective on the date that Mr. Belger filed his most recent set of claims—July 11, 2017. *See id.* at \*2; J.A. 36.

In November 2018, a VA examiner diagnosed Mr. Belger with posttraumatic stress disorder ("PTSD"). *See Belger*, 2023 WL 4485335, at \*2; J.A. 17. Accordingly, in December 2018, the RO recharacterized Mr. Belger's "psychiatric disability," which had previously been characterized as "chronic adjustment disorder," as "PTSD with persistent depressive disorder" (hereinafter, "PTSD"). *See* J.A. 29.

In June 2019, the RO denied Mr. Belger higher ratings and effective dates prior to July 11, 2017, for the benefits granted in December 2017. *See Belger*, 2023 WL 4485335, at \*2. Mr. Belger appealed that decision to the Board. *Id.* In January 2020, Mr. Belger submitted a letter to the Board raising various arguments. J.A. 24–25. Relevant to the present appeal, Mr. Belger asserted that the Board should grant his benefits for headaches, PTSD, and CRPS with an earlier effective date. *Id.* (citing 38 C.F.R.

§ 3.155(d)(2)). Mr. Belger argued that all three conditions were components of (i.e., secondary to) his rating for his CSD and thus should be granted the same effective date as his CSD claim—September 24, 2002. *Id.*

In April 2020, the Board denied Mr. Belger an effective date prior to July 11, 2017, for headaches, PTSD, and CRPS. J.A. 26, 36. The Board also determined that Mr. Belger's CRPS was not associated with his CSD. J.A. 37. Mr. Belger appealed the Board's ruling to the United States Court of Appeals for Veterans Claims ("Veterans Court").

In February 2021, before the Veterans Court ruled on Mr. Belger's appeal, the parties entered a joint motion for partial remand ("JMPR"). J.A. 41–57. In part, the JMPR resolved various issues not relevant to the present appeal. J.A. 41–57. The JMPR also provided that Mr. Belger could present additional arguments not addressed in the JMPR and required the Board to reexamine the evidence and consider all material issues on record. J.A. 55. The Veterans Court granted the JMPR, vacated the April 2020 Board decision, and remanded for the Board to determine the effective dates of benefits for headaches, PTSD, and CRPS. *See Belger*, 2023 WL 4485335, at *2.

In August 2021, on remand, the Board granted Mr. Belger's request for effective dates of September 24, 2002, for CRPS, but denied his request for that same effective date for headaches and PTSD. J.A. 15–19. The Board explained that "the effective date of an award based on an original claim for compensation benefits shall be the date of receipt of the claim or the date entitlement arose, whichever is later." J.A. 15 (citing 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400). Accordingly, the Board granted an effective date of January 29, 2004, for PTSD, because there "is no indication from the record that the Veteran submitted a written communication expressing an intent to seek disability compensation for psychiatric symptoms [i.e., PTSD] prior to the January 2004 informal claim." J.A. 17.

Similarly, the Board granted an effective date of May 25, 2004, for headaches, because "[t]he evidence otherwise establishes the Veteran has had headaches secondary to his service-connected [CSD] since the date of his May 2004 informal claim." J.A. 19.

In December 2021, Mr. Belger moved for reconsideration, asserting that the Board failed to address his January 2020 letter's argument that his headaches and PTSD, as secondary conditions of his CSD, should be assigned the same effective date as his CSD—September 24, 2002. J.A. 63–64. In February 2022, the Board denied Mr. Belger's motion for reconsideration. J.A. 21–23. The Board determined that it had effectively addressed Mr. Belger's argument from his January 2020 letter. J.A. 22. The Board noted that it had explained the requirement under 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400 that "an effective date for an award based on an original claim shall be the date of the receipt of the claim or the date entitlement arose, whichever is later." J.A. 22. The Board then explained that its determinations on headaches and PTSD as secondary conditions looked to the dates of receipt of those claims on May 25, 2004, and January 29, 2004, respectively. J.A. 22. The Board concluded that the "essence of [Mr. Belger's] Motion is a disagreement with the manner in which the Board weighed and evaluated the evidence." J.A. 22.

Mr. Belger appealed to the Veterans Court, arguing that the Board had failed to consider his argument from his January 2020 letter that he is entitled to an effective date of at least September 24, 2002, for headaches and PTSD as components of his CSD. *See Belger*, 2023 WL 4485335, at *2. In July 2023, the Veterans Court affirmed, deciding that Mr. Belger was precluded from arguing that the Board was required to address the argument at issue from the January 2020 letter. *Id.* at *3–4. The Veterans Court found that Mr. Belger conceded that the argument from the January 2020 letter was not addressed in the JMPR and

that he did not raise this argument on remand. *Id.* at *3. Due to these facts, considering Mr. Belger's argument on appeal "would lead to precisely the type of piecemeal litigation that issue exhaustion is meant to prevent." *Id.* Accordingly, the Veterans Court decided to "exercise its discretion to decline to consider Mr. Belger's arguments on appeal." *Id.*

The Veterans Court also observed that, regardless, Mr. Belger's argument lacked merit. *Id.* at *4. According to the Veterans Court, primary and secondary conditions need not receive the same effective date because 38 C.F.R. § 3.400 provides that an entitlement's effective date is the "date of receipt of the claim, or the date entitlement arose, whichever is later." *Id.* (quoting § 3.400) (cleaned up). Thus, the Veterans Court concluded that the Board "correctly focused" on § 3.400. *Id.*

Mr. Belger appeals, arguing that the Veterans Court legally erred in applying the doctrine of issue exhaustion and in determining that the Board need not have addressed his secondary conditions argument from the January 2020 letter. Appellant Br. 3. The Secretary of Veterans Affairs ("Secretary") responds that we lack jurisdiction, under 38 U.S.C. § 7292, because Mr. Belger's appeal merely challenges the application of law to facts. Appellee Br. 11–16.

## DISCUSSION

This court has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court. 38 U.S.C. § 7292(c); *Rodenhizer v. McDonough,* 124 F.4th 1339, 1342 (Fed. Cir. 2024). Unless an appeal from the Veterans Court presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Generally, "[b]ecause the decision to invoke the doctrine of issue exhaustion is a discretionary one, its application is largely a matter of application of law to fact" over which we lack jurisdiction. *Dickens v. McDonald*, 814 F.3d 1359, 1361 (Fed. Cir. 2016). However, this jurisdictional bar does not apply "to the extent that the issue raised involves solely a legal interpretation." *Id.*

Mr. Belger asserts that we have jurisdiction to review his challenge to the Veterans Court's decision to invoke the doctrine of issue exhaustion because his appeal involves an issue of legal interpretation. Appellant Reply Br. 11. Mr. Belger characterizes his appeal as presenting a legal question of whether, on remand after a joint motion for remand ("JMR") or JMPR, "the Board must address an argument that the appellant presented to the Board during its prior proceedings irrespective of whether the parties identify it in the JMR/JMPR or the appellant reasserts it to the Board on remand." Appellant Br. 3.

Mr. Belger's argument amounts to a challenge to the Veterans Court's application of law to facts. The Veterans Court determined that Mr. Belger misread relevant case law and the Board's August 2021 decision on remand. *Belger*, 2023 WL 4485335 at *4. Contrary to Mr. Belger's assertions, the Veterans Court determined that the Board's analysis accounted for his argument from his January 2020 letter that the effective date of his claims for headaches and PTSD should be based on the effective date of his CSD claim. *Id.* The Veterans Court emphasized that the Board followed 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400 by assessing the effective dates of his headaches and PTSD claims based on "the date of receipt of the claim or the date entitlement arose, whichever is later." *Id.* (cleaned up). Accordingly, the Veterans Court determined that the Board based the effective dates for these two claims on the dates of receipt of those claims on May 25, 2004, and January 29, 2004, respectively. *Id.* Thus, the Veterans Court

determined that the Board effectively addressed the merits of Mr. Belger's argument from his January 2020 letter. *Id.*

Accordingly, there is no legal question on appeal about whether, in the context of a JMR or JMPR, the Board should address an argument made by an appellant during prior proceedings. This question presumes a fact pattern in which the Board failed to address an argument made by an appellant during prior proceedings. But, as explained, the Veterans Court determined that, on the facts here, the Board "correctly focused on" § 3.400, thereby effectively addressing the argument that Mr. Belger claims the Board failed to address, i.e., that Mr. Belger should receive earlier effective dates for headaches and PTSD based on the effective date of his CSD. *Id.*

Absent the legal question about the Board's failure to address an argument from a prior proceeding, Mr. Belger's appeal presents nothing more than a challenge to the Veterans Court's determination that the Board correctly decided on the merits of the purportedly unaddressed argument by "correctly focus[ing] on" § 3.400. *See id.* In other words, Mr. Belger challenges the application of a regulation, § 3.400, to the facts underlying Mr. Belger's claims for headaches and PTSD as secondary conditions of his CSD. Mr. Belger does not claim that his appeal presents a constitutional issue, and we may not review a challenge to a regulation as applied to the facts of a case. 38 U.S.C. § 7292(d)(2). Accordingly, we lack jurisdiction over Mr. Belger's appeal.

CONCLUSION

For the reasons stated, we dismiss Mr. Belger's appeal.

**DISMISSED**

COSTS

No costs.