﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190903-30379
DATE: November 30, 2020

ORDER

Service connection for right shoulder impingement is denied.

Service connection for cervical strain is denied.

Service connection for right foot injury with residual great toe hypoesthesia is denied.

FINDINGS OF FACT

1. Right shoulder impingement was not manifest in service. It is not attributable to service.

2. A cervical strain was not manifest in service. It is not attributable to service.

3. A right foot injury with residual great toe hypoesthesia was not manifest in service. It is not attributable to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for right shoulder impingement have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for cervical strain have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for right foot injury with residual great toe hypoesthesia have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from November 1987 to November 2018.

In June 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a June 2019 rating decision. In August 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating June 2019 decision. Therefore, the Board may only consider the evidence of record at the time of the June 2019 rating decision and any evidence submitted during an applicable evidentiary window. 

In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the June 2019 rating decision, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Neither the Veteran nor his representative have raised any issues with the duty to notify or duty to assist prior to the June 2019 rating decision. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board.”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

1. Service connection for right shoulder impingement.

The Veteran asserts that he is entitled to service connection for a right shoulder disability because it was diagnosed within one year of service. Therefore, he asserts that he is entitled to a presumption of service connection.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

For a Veteran who served 90 days or more of active service after December 31, 1946, there is a presumption of service connection for certain chronic diseases, if the Veteran has established a current disability and it is manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. Chronic disease presumptions apply only to those conditions explicitly recognized as chronic as per 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The question for the Board is whether the Veteran has a current disability that is one explicitly recognized as chronic under 38 C.F.R. § 3.309(a). The Board finds that the Veteran’s disability is not a condition explicitly recognized as chronic. Therefore, the one-year presumptive period does not apply to this claim. The April 2019 VA examiner diagnosed the Veteran with shoulder impingement syndrome. There is no evidence that the Veteran has arthritis in his shoulder, which is a condition listed in 38 C.F.R. § 3.309(a). Accordingly, service connection is not warranted on the basis of the disability being diagnosed within one year of service.

Next, the Board considers the question of whether the disability began during service or is at least as likely as not related to an in-service injury, event, or disease. The Board concludes that the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of right shoulder impingement began during service or is otherwise related to an in-service injury, event, or disease. 

At separation from service, the Veteran denied a painful shoulder. The separation examination was normal for upper extremities.

In the April 2019 VA examination, the Veteran reported sudden onset of right shoulder pain that started in the Fall of 2018, without trauma. 

The April 2019 VA examiner opined that the Veteran’s shoulder condition is less likely than not incurred in or caused by service. The rationale was that the Veteran’s service physical examination dated July 2005 marked “no” to a shoulder condition. The service retirement physical examination dated in June 2018 also did not show a complaint of a shoulder condition or other issues related to the shoulder. His other service treatment records do not show concern for shoulder conditions. Though his VA examination was positive for shoulder impingement, the examiner stated that there is no compelling evidence that he experienced an injury that may have caused the condition or that it is related to or incurred in service. For this reason, the examiner concluded that it was less likely than not incurred in service. 

The record supports the examiner’s opinion. As noted above, the Veteran denied a painful shoulder in the report of medical history at separation, and the examination at separation showed normal upper extremities. The examiner considered the evidence, including the Veteran’s reports, and concluded there was no compelling evidence in favor of a nexus. The Board finds this consistent with its own findings. The service examination and report of medical history are more credible and probative than the Veteran’s report in April 2019 that his shoulder pain began in the Fall of 2018 because it occurred during service. 

The Board finds the Veteran is not competent to provide a diagnosis in this case or determine that these symptoms were related to service. Specifically, the question of causation of shoulder impingement involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). The record does not show that he has the experience or medical training needed to provide a competent opinion. 

As the preponderance of the evidence is against the claim, it must be denied.

2. Service connection for cervical strain.

The Veteran asserts that he is entitled to service connection for a cervical spine disability because it was diagnosed within one year of service. Therefore, he asserts that he is entitled to a presumption of service connection.

The question for the Board is whether the Veteran has a current disability that is one explicitly recognized as chronic under 38 C.F.R. § 3.309(a). The Board finds that the Veteran’s disability, cervical strain, is not a condition recognized as chronic under 38 C.F.R. § 3.309(a). Therefore, the one-year presumptive period does not apply to this claim. The April 2019 VA examiner diagnosed the Veteran with a cervical strain. There is no probative medical or lay evidence that the Veteran has arthritis, which is a condition listed in 38 C.F.R. § 3.309(a). Accordingly, service connection is not warranted on the basis of the disability being diagnosed within one year of service.

Next, the Board considers the question of whether the disability began during service or is at least as likely as not related to an in-service injury, event, or disease. The Board concludes that the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of cervical strain began during service or is otherwise related to an in-service injury, event, or disease. 

In his report of medical history for separation from service, the Veteran denied arthritis, swollen or painful joints, and bone or joint deformities. . The separation physical examination showed a normal spine and neck.

In the April 2019 VA examination, the Veteran reported the disability began two months prior. Thus, the Veteran is not contending the disability began during service.

The April 2019 VA examiner opined that the Veteran’s cervical spine disability is less likely than not incurred in or caused by service. The rationale was that the Veteran’s service physical examination dated July 2005 marked “no” to a cervical condition. The service retirement physical examination dated in June 2018 did not show a complaint of a cervical or neck condition or other issues related to the neck. His other service treatment records do not show concern for neck conditions. Though his VA examination was positive for a neck condition, there is no compelling evidence that he experienced injury that may have caused the condition or that it is related to or incurred in service. 

The record supports the examiner’s opinion. As noted above, the examination at separation showed a normal back and neck. The examiner considered the evidence, including the Veteran’s reports, and concluded there was no compelling evidence in favor of a nexus. The Board finds this consistent with its own findings. The service examination and report of medical history are more credible and probative than any claim that the Veteran injured his neck during service, which he has not done. 

The Board finds the Veteran is not competent to provide a diagnosis in this case or determine that these symptoms were related to service. Specifically, the question of causation of a neck strain involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship. Jandreau, 492 F.3d at 1377. The record does not show that he has the experience or medical training needed to provide a competent opinion. 

As the preponderance of the evidence is against the claim, it must be denied.

3. Service connection for right foot injury with residual great toe hypoesthesia

The Veteran asserts that he is entitled to service connection for a right foot injury with residual right great toe hypoesthesia because it was diagnosed within one year of service. Therefore, he asserts that he is entitled to a presumption of service connection.

The question for the Board is whether the Veteran has a current disability that is one explicitly recognized as chronic under 38 C.F.R. § 3.309(a). The Board finds that the Veteran’s disability, residual great toe hypoesthesia, is not a condition explicitly recognized as chronic. Therefore, the one-year presumptive period does not apply to this claim. The April 2019 VA examiner diagnosed the Veteran with a right foot injury with residual great toe hypoesthesia. There is no medical or lay evidence that the Veteran has arthritis, which is a condition listed in 38 C.F.R. § 3.309(a). Accordingly, service connection is not warranted on the basis of the disability being diagnosed within one year of service.

Next, the Board considers the question of whether the disability began during service or is at least as likely as not related to an in-service injury, event, or disease. The Board concludes that the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of right foot injury with residual great toe hypoesthesia began during service or is otherwise related to an in-service injury, event, or disease. 

At separation from service, the Veteran denied foot trouble. The separation examination showed normal feet.

In the April 2019 VA examination, the Veteran reported Veteran reported he slipped on his right foot while on the back of a truck and fell to the ground in November 2015 and was seen at a local emergency room. The April 2019 VA examiner opined that the Veteran’s foot condition is less likely than not incurred in or caused by service. The rationale was that the service retirement physical examination dated in June 2018 did not show a complaint of a foot condition or other issues related to the right foot. His other service treatment records do not show concern for foot conditions. Though his VA examination was positive for a right foot injury, there is no compelling evidence that he experienced the injury during service, and thus, no nexus can be established. 

The record supports the examiner’s opinion. As noted above, the Veteran denied foot trouble in the report of medical history at separation, and the examination at separation showed normal feet. The Board notes that the examiner’s use of the term “compelling evidence” shows the examiner considered the Veteran’s reports and found them not to be compelling. The Board finds this consistent with its own findings. The service examination and report of medical history are more credible and probative than the Veteran’s report that he injured his foot during the fall in November 2015, and that it resulted in his current residual great toe hypoesthesia. 

Specifically, while service treatment records do note that the Veteran slipped on his right foot and fell off a truck, they do not show that he injured his right foot in the fall. Rather, they show that he was treated for a left knee injury. The records from the private emergency room on November 19, 2015, show treatment for a knee sprain with knee immobilization, not a foot disability. The fact that treatment records for the knee injury do not show complaints of foot symptoms is evidence against the claim because the Board finds, under this situation, the Veteran would have reported other pertinent symptoms he had associated with the incident of falling off the truck while he was already getting treatment. Additionally, a December 2015 service treatment record shows follow up treatment for left knee pain from his fall. The knee pain was getting better, but he still had swelling. No foot symptoms were documented. He continued to receive treatment for his left knee from this injury in 2016 but not for a foot problem. 

Thus, the Board finds the service treatment records and the VA examiner’s opinion are more probative than the Veteran’s assertions in 2019 that his foot should be service-connected.

The Board finds the Veteran is not competent to provide a diagnosis in this case or determine that his foot symptoms were related to service. Specifically, the question of causation of a foot pain involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship. Jandreau, 492 F.3d at, 1377. The record does not show that he has the experience or medical training needed to provide a competent opinion. 

As the preponderance of the evidence is against the claim, it must be denied.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Rocktashel, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.